22 So.2d 339

**MONTGOMERY CITY LINES, Inc., v. CALLAHAN.**

**3 Div. 434.**

Supreme Court of Alabama.

May 24, 1945.

24

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

BROWN, Justice.

The plaintiff had judgment for damages in the sum of $2500 for personal injury alleged to have been inflicted on her as a proximate consequence of the negligence of the defendant's agent or servant, acting within the line and scope of his authority, in driving one of defendant's busses "over or against plaintiff," severely bruising, lacerating, and injuring her.

The assignments of error complain of the rulings of the court in refusing the affirmative charge requested in writing by the defendant, in overruling its motion for a new trial, and in allowing plaintiff's counsel on the cross examination of the witness McDonald, the driver of said bus, to interrogate him in respect to passing cards to passengers on the bus after the injury to procure their names and addresses, as prospective witnesses in case of litigation following said injury.

On the trial all the facts and circumstances bearing and attendant upon the infliction of the injury upon the plaintiff, for which redress is sought, were fully developed, including the environment of the occurrence and all of its concomitant and pertinent antecedents, and the manner of its causation. The testimony of the witnesses offered by the plaintiff and the defendant touching the issues in the case is in irreconcilable conflict.

The testimony offered for the plaintiff goes to show that while she was standing on the edge of the curb within the white lines, marking the lane of travel by pedestrians across Dexter Avenue, with her attention directed east toward the Capitol, the defendant's bus, coming from Montgomery Street via Court Street Fountain into Dexter Avenue, struck her on the left side, swept her to the street surface, where the right front wheel of the bus passed over her foot, severely crushing the same, and otherwise injuring her, necessitating her hospitalization and medical treatment through several months; that she was compelled to use crutches for many months and still suffers from the injury; that the toes, which were crushed, have a tendency to protrude upward. Her foot was exhibited to the jury during the trial.

The testimony offered by the defendant, on the other hand, goes to show that while the bus, after stopping for the red light, was pulling into the loading zone located on Dexter Avenue at the corner of Dexter Avenue and Court Square, and just as the middle portion or rear part of the bus was passing over the lane of travel for pedestrians, the plaintiff stepped off of the curb into the side of the bus immediately in front of the rear right wheel, which passed over and injured her foot. That the front end of the bus did not strike her and she was not observed by the bus driver in a place of danger. A number of the passengers who were on the bus testified that they did not see the accident, but heard the noise or bumping sound in the rear when the plaintiff and the bus came into contact. One witness, a passenger on the bus, testified that he saw the plaintiff step off of the

sidewalk into the bus, just as it passed where she was standing on the curb.

The jury had before it a photograph of the scene of the accident, a photograph of the bus, and a blue print drawing indicating the height of the curb as compared with the height of the body of the bus from the surface of the street, and the distance of the front wheels of the bus from the front end of the body, warranting an inference tending, or not, to support the testimony offered by the plaintiff, going to show that the bus struck her and swept her from the sidewalk.

■ The evidence and its conflicts presented a case for jury decision, and the jury and the trial judge were in better position to judge of the credibility of the witnesses than we are. Our conclusion, therefore, is that the court did not err in refusing the affirmative charge, nor in overruling the motion for a new trial.

During the cross examination of the defendant's witness McDonald, the bus driver, by plaintiff's counsel, he was permitted by the court to ask the witness in respect to handing out a number of cards to passengers on the bus, requesting that they give their name and address, and to show the number and names of such persons. The defendant on the redirect examination of the witness presented a number of the cards, which were identified, and proffered them as evidence. The court sustained the objection of plaintiff's counsel to the introduction of the cards, and they have been sent here as exhibits under Rule 47 of the Supreme Court Practice.

■ Some of the cards are signed without comment. On other cards the person signing stated that he or she saw the accident and that someone was hit and that "the girl was at fault." On another card, under the head of "remarks," is the statement: "Stepped down into the bus." Another card, filled out by J. H. Bagley, stated that the girl was at fault, that the bus had the green light and gave the name of Mrs. Alma Strain and her address, with the notation: "This lady telephoned this in." The cards were offered as a whole, not separately. We do not see the materiality of the cross examination. It was after the major incident—plaintiff's hurt—not of its res gestae, but as the evidence showed, the act of the driver was in the performance of his duty, in accord with instructions of the bus company, and in the exercise of a sound business policy. The defendant offered said cards in bulk and made a single assignment of error predicated on the ruling of the court sustaining the plaintiff's objection thereto. Clearly one or more of said cards were not within the rule that, where a party on cross examination brings out a part of the transaction or conversation, the other party is entitled to make proof of the whole transaction or conversation. The card giving information from Mrs. Strain was independent of anything that occurred. The court did not err in sustaining plaintiff's objection. Nor do we think that reversible error was committed in allowing the cross examination, though the court in the exercise of a sound judicial discretion could have sustained the objection thereto without error.

■ The jury had evidence before it in respect to plaintiff's injury—the observation of plaintiff's foot—that does not appear in this record, and they were in better position to judge of the nature and extent of plaintiff's injury than we are. We are, therefore, not able to affirm that the verdict is excessive.

There are no reversible errors on the record. The judgment is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.