79 So.2d 20

John Roy HUNT

v.

John M. WARD.

6 Div. 828.

Supreme Court of Alabama.

March 24, 1955.

Fred Jones, Haleyville, and Rankin Fite, Hamilton, for appellee.

PER CURIAM.

Tweedy & Beech, Jasper, for appellant.

This is an appeal from a judgment for plaintiff in a suit for damage to his truck. The damage resulted from a collision with a car driven by defendant on the highway between Haleyville and Double Springs in Winston County, Alabama. Approaching the place of the collision the road extended generally southwesterly and northeasterly for a distance, but at that point there was a distinct curve to the north,—the curve being to the left of defendant driving toward Double Springs. At the curve the south side of the road was elevated on account of it. There was a downgrade in each direction from the crest of the hill. Plaintiff's truck was following another truck driven by one Wamsley also traveling toward Haleyville. They were traveling upgrade as was defendant who was approaching from the opposite direction. They were each on his right side of the road until near the crest when the first truck, which we will designate as the "pick-up" truck leading plaintiff's truck by twenty-five or thirty yards, turned to his left into and across the lane in which defendant was approaching from the opposite direction. Defendant caused his car to slip down to his left and toward plaintiff's truck which was still in its right lane of traffic, resulting in the collision which damaged plaintiff's truck. There was a

382

solid yellow line on the right side of the center white line leading toward Haleyville as the trucks were traveling. The "pick-up" truck had to cross that yellow line to get into and over the lane in which defendant was traveling. That line was said by some of the witnesses to prevent passing by one traveling on the same side of the road. Defendant was injured, became unconscious and was carried to a hospital. Plaintiff's driver was not injured.

Plaintiff's evidence tended to show that the "pick-up" truck was completely off the hard surface on the left hand side of the road, where the driver had gone to get a person going to Haleyville, and it was not the sole cause of the defendant so maneuvering his car as to collide with plaintiff's truck.

We will treat the assignments of error in their logical order.

■■■■ The first and second assignments are not well taken. When a document is offered in evidence, some of which is competent and material, and some is not, and a general objection is made to the whole, it is not reversible error to overrule the objection—Mobile Light & R. Co. v. Ellis, 209 Ala. 580(10-11), 96 So. 773,— nor to sustain it. Montgomery City Lines v. Callahan, 247 Ala. 23, 22 So.2d 339; Smith v. Kifer, 36 Ala.App. 79(7), 52 So.2d 399. That is the status of the written statement signed by plaintiff's truck driver, which was offered in evidence, and to which objection was sustained.

Assignments of error 17, 18, 19, 20 and 21.

■■■■ There was testimony that after the accident plaintiff's truck was on the farm of Ray Motor Company. Plaintiff had bought another truck from Ray Motor Company, but did not trade in the damaged truck nor have it repaired.

The several questions involved in these assignments seek to ascertain how the truck reached the farm of Ray Motor Company and who carried it there. This occurred on the cross examination of plaintiff. We cannot see that this was relevant to any issue. Sometimes there is no reversible error in the admission of irrelevant matter on cross examination, but it is not reversible error to deny its admission.

Assignment of error No. 12.

■■■■ It is claimed that during the trial, plaintiff's counsel frequently injected in it the existence of insurance by defendant. The court sustained the objections as made, but on each occurrence refused defendant's motion for a mistrial. Those matters were also included in a motion for a new trial after the verdict and judgment. The motion was overruled.

Plaintiff's witness Barnett was his truck driver on the occasion of the accident. He signed a written statement afterward as to the occurrence referred to above. The statement was offered in evidence but objection to it was sustained. It was exhibited to the witness and he admitted signing it.

Plaintiff's counsel asked him about the person to whom he made the statement, and he said he did not remember his name. He was then asked "if he told you he was representing the insurance company covering Mr. Roy Hunt's car". Objection was sustained: motion for a mistrial was overruled, and exception noted.

Assignment No. 13.

And again witness was asked "if he said he was investigating for an insurance company". Objection was sustained: motion for a mistrial was overruled and defendant excepted.

With respect to those assignments we observe that is is sometimes admissible and relevant to have it appear for certain material purposes or incidentally that defendant had liability insurance. When a witness had interested himself about the case, it was held in Pittman v. Calhoun, 231 Ala. 460(4), 165 Ala. 391, to be permissible as tending to establish bias to show that the witness represented the company carrying insurance for defendant.

We cannot say that it was wholly improper to ask the questions here involved. But the objection was sustained and the questions did not indicate a purpose to get before the jury the incident of insurance without any show of right to do so. We think that it was not sufficient to require the court to grant a mistrial or a new trial. It is not every reference to insurance which is of such nature that the court should withdraw the case and grant a new trial. Pittman v. Calhoun, 233 Ala. 450(3), 172 So. 263.

Assignment No. 14.

Defendant was testifying as a witness and was asked by plaintiff's attorney on cross examination, if defendant did not tell plaintiff at a specified time and place, "It was my fault, and I want the insurance company to pay you, and if they don't pay you, you sue me and I will make you a good witness". The court sustained an objection, but overruled a motion for a mistrial, and defendant excepted.

Assignment No. 15.

Plaintiff's counsel asked defendant on cross examination if he did not at a certain time and place say to plaintiff, "Tell your truck driver that if I have to die that it wasn't his fault, and that I want my insurance company to pay for your trouble". The court sustained the objection, but overruled the motion for a mistrial, and defendant excepted.

Assignment No. 16.

Plaintiff's counsel asked plaintiff as a witness in rebuttal the following question: If defendant "told you to tell your driver that if I have to die, it wasn't his fault and that it was my fault, and I'm going to have my insurance company pay you for it". The court sustained defendant's objection to the question, but overruled his motion for a mistrial, and he excepted.

Appellant insists that his motion for a mistrial on account of the frequent reference to his insurance should have been sustained. Also that his motion for a new trial on the same ground should have been sustained.

Assignments of error 14, 15 and 16 are more nearly akin to each other than to assignments 12 and 13, although they all involve a question of evidence in respect to defendant's liability insurance covering this transaction, and therefore we will treat them separately from assignments 12 and 13. They include what may be termed an admission against interest in accepting the blame for the collision and exonerating plaintiff's truck driver. It has been held that such expressions are admissible on that theory. Clark v. Farmer, 229 Ala. 596(7), 159 So. 47.

In the same breath and as a part of the declaration, and to emphasize it, defendant went further and said he wanted (or was going to have) his insurance company pay for the trouble. The trial court declined to permit this proof evidently on the theory that it injected into the evidence the fact of defendant's insurance. But we have said it is not every such effort which is illegal. It was said in Smith v. Baggett, 218 Ala. 227, 118 So. 283, and approved in Pittman v. Calhoun, 233 Ala. 450, 172 So. 263, and Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So. 757, 761, that: " 'It is unquestionably well settled that proof that a defendant had indemnity insurance is not admissible as an independent fact, but we have had cases where it is (admissible) when collateral to other material facts or so associated with or interwoven as to be inseparable that it becomes admissible and can only be eradicated or neutralized as bearing upon the defendant's liability by a limitation upon the effect of such evidence.' " See, also, Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Ex parte Rowell, 248 Ala. 80, 26 So.2d 554.

In Smith v. Baggett, supra [218 Ala. 227, 118 So. 285], the Court was dealing with evidence that defendant said to plaintiff, " 'Let it stay over there and I'll see the insurance man; send him over there to look at it and then he would have it moved off and have it fixed.' " The Court

stated that it was not prepared to hold that it was improper to make that proof.

In the instant case we are not prepared to hold that the proposed evidence was improper, but, if so, the objection being sustained, the question was not sufficient to require a mistrial or a new trial. Pittman v. Calhoun, 233 Ala. 450, 172 So. 263.

Assignment No. 7.

■ This assignment is as to refused charge X3. It is sufficient to say that the substance of this charge was covered in the court's oral charge and given charge X4.

Assignments of error 9 and 27.

These assignments relate to the refusal of charge 11 requested by defendant to the effect that every member of the jury must be reasonably satisfied that plaintiff is entitled to a verdict.

We have a line of cases holding that such a charge should be given. They are reviewed in City of Birmingham v. Bowen, 254 Ala. 41, 47 So.2d 174, where it was held that its substance was included in the oral charge and given written charges. Such is the status of this record as there discussed. For the reason there assigned, the refusal of charge 11, supra, was not reversible error.

Assignments 10, 11, 28 and 29.

The charges referred to in these assignments are covered by given charge No. 15. Cf. Mobile Cab & Baggage Co. v. Armstrong, 259 Ala. 1, 65 So.2d 192.

Assignments 8 and 26.

These assignments relate to refused charge No. 7, which was covered by charge No. 6 and the oral charge.

Assignments 6, 22, 23, 24 and 25 relate to the amount of recovery involved, the admission of certain evidence and the refusal of a charge. Assignments 3, 4, and 5 raise the contention on a motion for a new trial on the ground that the verdict was excessive. The court overruled objection to the evidence that the value of the use or hire of plaintiff's truck was forty or fifty dollars a week, and that it would have taken three weeks or a month to get the parts and fix it. It was also proven that it would reasonably cost about $1,000 to do so.

The court refused a requested written charge to the jury that plaintiff cannot recover for the loss of the use of the truck. The court in the oral charge did not mention that claim nor the matter of interest or the amount it would take to repair and restore the truck to its original condition: but instructed the jury that if they find for the plaintiff they should fix the amount of the recovery so as "to put him back like he was before the accident happened". The jury returned a verdict for plaintiff and assessed his damages at $1,500. The evidence for plaintiff tended to show that the truck was worth $1,400 before the accident and $200 afterward, or $1,250 before and $150 after, making a difference of $1,100 or $1,200. The truck was not repaired but plaintiff immediately bought another to take its place. The old damaged truck had been left unused on the farm of Ray Motor Company.

■ The law fixes a standard by which to measure plaintiff's damages. When so, and it is not left to the mere discretion of the jury, the amount so ascertained should bear interest at the rate of six per cent per annum from the date of the accident to the date of the judgment. Title 9, section 60, Code; Roe v. Brown, 249 Ala. 425, 31 So.2d 599; Rochelle v. Rochelle, 235 Ala. 526(6), 179 So. 825; Harden v. Wood Lumber Co., 235 Ala. 310(9), 178 So. 540; Tennessee Coal, Iron & R. Co. v. Jourdan, 221 Ala. 106, 128 So. 132; Mobile & Ohio R. Co. v. Williams, 219 Ala. 238(21), 121 So. 722; Alabama Power Co. v. Allen, 218 Ala. 416(8), 118 So. 662; Atlanta & Birmingham Air Line Ry. Co. v. Brown, 158 Ala. 607, 48 So. 73.

■ The primary rule is generally stated to be that the damage is embraced in the formula that it is the difference in the value of the truck before and after the accident, caused by the accident. If it is so damaged as not to be repairable and has

no value after the accident, it would be simply its value at the time of the accident (less its junk value, if any). On this amount interest should be allowed. If it is repairable and the owner sees fit to repair it and while doing so he is deprived of its use and incurs other expense in that connection, he may have the reasonable cost of the parts and labor in making the repairs together with the reasonable cost of transporting it and other incidental cost, if any, and the reasonable value of its use or hire during that time, on the theory that he could have hired one for use during that period: also interest on the total as indicated above. See, Mobile Light & Power Co. v. Gadik, 211 Ala. 582, 100 So. 837; Blackmon v. Gilmer, 221 Ala. 554, 130 So. 192; Plylar v. Jones, 207 Ala. 372, 92 So. 445; Southern Ry. Co. v. Reeder, 152 Ala. 227, 44 So. 699.

 If the owner of the damaged truck abandons it and buys another for his own use, he has thereby mitigated his damages and may only recover the amount of the depreciation in the value of the damaged truck, on the theory that to mitigate his damages he could have immediately sold it at its depreciated value. The amount of such depreciated value should be deducted from the amount of its value immediately before the accident to ascertain the principal sum of his actual damage. When so found, interest should be added from the date of the accident to the date of the judgment. Interest of course runs on the judgment until it is paid. Title 9, section 63.

We do not know how the jury arrived at the figure of $1,500 for their verdict. It should not be more than $1,200 with interest at the rate of six per cent per annum from the date of the accident, May 28, 1953, to the date of the judgment.

We find no other error in the record. Therefore by authority of section 811, Title 7, Code, we should affirm the judgment on condition that within thirty days appellee shall file in this Court a remittitur of the damages in excess of $1,200 plus interest as indicated above. If this is not done, the

judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed conditionally.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MAYFIELD, JJ., concur.