[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 58 
The plaintiff sued the defendant for damages to his truck as a result of the negligence of the defendant. The trial court entered a judgment against the defendant after the jury returned a verdict in favor of the plaintiff for $6,650. The defendant appeals and we affirm.
A review of the record reveals the following:
After the above mentioned collision occurred, the plaintiff's insurer paid $3,480 to the plaintiff because of the plaintiff's loss. As indicated above, the plaintiff then filed suit against the defendant. In addition, the plaintiff's insurer filed a separate suit to recover the amount it had paid to the plaintiff.
The defendant then filed a motion pursuant to Rule 17 (a), ARCP, to add the plaintiff's insurer as a party-plaintiff in the plaintiff's suit because the insurer was interested in the outcome of the case and was required to be joined as a party-plaintiff. This motion was granted by the trial court but the complaint was never amended to add the insurer.
Next, on motion by the plaintiff's insurer, the two lawsuits referred to above and a third related case were consolidated for trial. Immediately preceding the trial, a stipulation was entered into between the plaintiff and its insurer whereby the insurer would be paid out of any judgment rendered in favor of the plaintiff. The trial court thereafter entered an order to this effect.
At trial the defendant moved to dismiss the plaintiff's cause of action for failure to add the plaintiff's insurer as a party-plaintiff. The trial court denied this motion.
There are other plaintiffs in this lawsuit. However, in view of the decision in this case their respective interests are immaterial to this appeal.
The defendant through able counsel contends the trial court committed numerous errors which require reversal.
 I
The defendant urges error regarding certain evidentiary rulings. Specifically, the trial court refused to allow the defendant to cross-examine or introduce into evidence the settlement and proof of loss between the plaintiff and plaintiff's insurer. The defendant contends that since the amount of damage testified to by the plaintiff at trial was greater than the amount he settled for with his insurer, the defendant is permitted to show the amount paid by the insurance company to the original plaintiff.
We disagree. Proof that the plaintiff has been compensated for a loss by an indemnity insurer is inadmissible in this instance. Such benefits from a collateral source should not be taken into account in computing the plaintiff's recoverable damages and the admission of such collateral source payments would be prejudicial. See, Gribble v. Cox, Ala., 349 So.2d 1141
(1977); Carlisle v. Miller, 275 Ala. 440, 155 So.2d 689 (1963).
The defendant does not contend that this evidence is admissible in computing the plaintiff's damages, but contends it is admissible for the purpose of showing the inconsistency between what the plaintiff claims his damages were and the amount he received from his insurer for the loss. *Page 59 
However, this court is committed to the rule of exclusion of collateral source payments. Gribble, supra. Thus, there is no error.
This exclusion is warranted by the availability of other evidence which is not prejudicial. In this instance, there was other evidence available on the issue of the value of the plaintiff's vehicle that would not prejudice the plaintiff by its admission.
 II
The defendant next urges error regarding the trial court's failure to dismiss the plaintiff's cause of action for failure to comply with the trial court's order requiring the plaintiff to add its insurer as a party-plaintiff. The defendant alleges that he has been prejudiced in this instance because he was taxed with court costs and incurred additional legal fees as a result of the failure to add the insurer as a party-plaintiff and he had a judgment rendered against him in favor of the plaintiff's insurer in addition to the judgment in favor of the plaintiff.
Rule 17 (a), ARCP, in pertinent part is as follows:
 Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. . . .
 In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the action shall be brought in the names of the subrogor and the subrogee.
The purpose of the above rule is to protect the defendant from subsequent action by the party actually entitled to recover and ensure that a judgment will have res judicata
effect. U-Haul Co. v. Turner, Ala.Civ.App., 355 So.2d 384
(1978).
In this instance, the plaintiff's insurer was before the court since the cases were consolidated for trial. In addition, as indicated above, the trial court entered an order which adopted the stipulation of the plaintiff and the plaintiff's insurer. That is, the court ordered the plaintiff's insurer to be paid out of any recovery of the plaintiff in his suit. Thus, the defendant was protected from any claim for double recovery.U-Haul Co., supra. See also, Dudley v. Smith, 504 F.2d 979 (5th Cir. 1974); Wright Miller, Federal Practice and Procedure: Civil § 1546.
In any event, Rule 45, ARAP, prohibits this court from reversing in this instance unless it appears that the error complained of has probably injuriously affected the substantial rights of the defendant. This prohibition extends to any matter of pleading such as Rule 17 (a). See, Spencer v. Malone FreightLines, Inc., 292 Ala. 582, 298 So.2d 20 (1974). As indicated, we perceive no prejudicial error in view of the facts to the defendant by the trial court's mere failure to add plaintiff-insurance company as a party-plaintiff to original plaintiff's lawsuit.
The defendant however contends he was injured because he incurred court costs and attorney's fees. We note that the plaintiff's insurer filed suit before the defendant moved to have the insurer named as a party-plaintiff. Thus, the expenses complained of would have been incurred regardless of whether the insurer was named as a party-plaintiff. In any event, these costs are not the sort of legal injury contemplated by Rule 45, ARAP. The defendant would have other legal remedies, if appropriate, for any wrongful action on the part of the insurer.
The contention that there is a judgment in favor of the insurer in addition to the amount of the judgment in favor of the plaintiff is likewise without merit. The order, as indicated above, clearly says that the insurer is to be paid out of the recovery of the plaintiff.
Considering all of the above, there was no error requiring reversal for failure to add the insurer as a party-plaintiff. Rule 45, ARAP. *Page 60 
 III
The defendant next contends that the trial court erred in failing to dismiss the property damage claim of the plaintiff because there was no evidence of the value of the truck after it was damaged.
In a case such as we have here, the measure of damages is the difference between the reasonable market value before the accident and the reasonable market value after the accident. If the vehicle was a total loss after the accident, the measure of damages is the reasonable market value before, less salvage value after. Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955);Parker v. Muse, 47 Ala. App. 84, 250 So.2d 688 (1971).
In this instance, the plaintiff testified that his truck was wrecked and he couldn't repair it and that he got nothing out of the truck except salvaging the dump body. That is, after the wreck the plaintiff sold as salvage the rear end of the truck for $2,500. In addition, the plaintiff introduced photographs showing the extent of the damage. We think that this is sufficient evidence to establish that after the collision the value of the vehicle was $2,500. Hunt, supra; Parker, supra.
Thus, there is no error.
 IV
The defendant's fourth contention is that the trial court erred in its oral charge to the jury regarding the proper measure of damages. Specifically, the defendant contends the trial court erred in charging the jury that the damage would be the difference between the before and after value. The defendant contends that the jury should have been charged to "subtract" the after value from the before value because the jury would not know whether to add the values or subtract them.
In response to the above objection, the trial court stated that ". . . I said the difference between the before and after value. That would be subtracting, wouldn't it?"
As indicated above, the measure of damages in this instanceis the difference between the before and after value. Hunt,supra; Parker, supra. Thus, the objection of the defendant is without merit because his statement of what the trial court charged is a correct statement of law and would be a proper charge. Thus, there is no error.
We would be remiss in not commenting that our review of the trial court's oral charge as contained in the record reveals that the trial court in fact did not use the word "difference." He stated as follows:
 You determine those damages by finding what the original market value of his truck was immediately before the accident and what it was immediately after the accident.
However, under Rule 51, ARCP, the complaining party must point out the error of the trial court with specificity so that the trial court is made aware of its error. In this instance the defendant did not properly point out any error. As seen from above, the defendant was objecting to what would be a correct statement of law and a proper charge. In this instance, the defendant did not sufficiently make the trial court award of any error and nothing is presented for this court to review.Leavell v. Nolin, Ala.Civ.App., 342 So.2d 1323 (1977).
 V
The defendant argues in brief that the trial court committed reversible error in failing to give certain requested charges. We have carefully reviewed these charges and find no error.
The first refused charge is as follows:
 I charge you that at the time of the accident plaintiff was under a duty to keep a lookout for his own safety . . .
We note that the refusal of a written charge is proper when it is abstract and misleading. Burke v. Thomas, 282 Ala. 412,211 So.2d 903 (1968). In this instance, the requested charge is clearly abstract and *Page 61 
misleading because there is no indication as to what the plaintiff is to be on the lookout for in regard to the issues in the case. Thus, there is no error. Burke, supra.
The defendant's second refused charge is as follows:
 The court charges the jury that the following is a correct statement of the law of Alabama: No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control, or regulate traffic.
Such a charge which merely states an abstract proposition of law without instructing the jury on its effect upon issues in the case may be refused without error. Mobile Press Register,Inc. v. Padgett, 285 Ala. 463, 233 So.2d 472 (1970); 18A Ala. Digest Trial Key 248. Thus, there is no error in this instance because the charge does not cover its effect on the issues in the case.
 VI
The plaintiff's final contention is that the amount of the jury verdict is not supported by the evidence.
As indicated above, the evidence clearly reveals the amount of the plaintiff's damage to be $5,500. This is, the plaintiff testified that his vehicle was worth $8,000. The plaintiff was able to sell the dump body as salvage for $2,500. Thus, the evidence supports a finding that the plaintiff incurred damages in the amount of $5,500 as a result of the accident.
When interest is considered, the amount of the verdict is supported by the evidence. Roe v. Brown, 249 Ala. 425,31 So.2d 599 (1947).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.