The defendant-builder Briggs appeals from a judgment awarding damages of $5,000 to plaintiffs for breach of contract.
In May 1978 defendant Briggs agreed to build and sell, and plaintiffs, Mr. and Mrs. Woodfin, agreed to buy certain real estate with improvements. There was a written contract of sale upon which addenda were handwritten by each party.
The lot on which the house was situated sloped very steeply upwards at the rear. A dirt bank was located only seven feet away from the house wall. This bank was some fifteen feet in height. The trial court found that the defendant, in reply to plaintiffs' inquiry about plans for the steep rear of the lot, stated prior to execution of the contract that the lot would be left wooded and that some kind of retaining wall would *Page 1223 
be constructed. The evidence also shows that prior to execution plaintiffs asked the real estate agent for defendant's broker if the retaining wall should be included in the written contract. The agent told plaintiffs that she was sure defendant considered the wall as landscaping yet to be done.
The contract was executed May 11, 1978, and the sale was to be closed by July 10. In June an impasse arose between the parties due to plaintiffs' exceeding the agreed amounts for carpet and light fixture allowances. A meeting was held July 6. The parties executed a written agreement resolving the allowances impasse. Adjustment in the purchase price at closing was made and the agent agreed to contribute the price of the carpet. The retaining wall was not mentioned in this agreement.
On July 14, 1978, four days after the original date set for closing, plaintiffs filed a complaint seeking specific performance of the contract. The mortgage loan commitment obtained by plaintiffs had already been extended to July 24. Plaintiffs claimed that if the contract was not performed by that date, they would be caused to pay a greater amount of money over the life of the loan or a greater amount of money to obtain a new loan.
About August 1 defendant informed plaintiffs that the house was ready for inspection and closing. The plaintiffs' inspection revealed that the appliances were from a different manufacturer than was selected; that bathroom vinyl, attic insulation and the thermostat for the heating and air conditioning units had not been installed; that cabinets had been stained instead of painted; that some of the light fixtures were not those selected and that no retaining wall had been built for the dirt bank at the rear of the house.
The plaintiffs immediately filed the first of four amendments to their complaint. The amendment sought abatement of the purchase price for the defendant's breach and incidental damages. The other amendments filed within the next five months sought reformation of the contract, damages for breach of an implied warranty of habitability and fitness or abatement of the purchase price for the cost of performing this warranty, and declaratory relief as to the rights of the plaintiffs under the contract.
Defendant filed answers to the original complaint and to all amendments. Defendant also filed motions to require plaintiffs to elect remedies and for summary judgment. The motions were denied.
A trial commenced before the court, sitting without a jury, on February 7, 1979. On March 8, 1979, the court rendered its final judgment. Defendant filed a motion to amend, alter or vacate, which was denied. Appeal was properly taken to this court.
Appellant bases assignments of error of four theories. He argues first that there was no valid contract entered into. The issue is not a proper one to be considered on this appeal. The appellant's answer to the original complaint admits the allegation that a contract was entered into by the parties. Furthermore, it is clear that a defense not asserted in the trial court cannot be raised for the first time on appeal.Whitman v. Knapp, 285 Ala. 57, 228 So.2d 814 (1969); Miller v.Brown-Fikes Ford, Inc., 370 So.2d 1052 (Ala.Civ.App. 1979). Appellant contends that although he did not raise the defense in his pleadings, the issue was raised in the trial court and thus is a proper one to be considered on appeal. Appellant's view of the law in this regard is correct. Vester J. Thompson,Jr., Inc. v. Citmoco Services, Inc., 371 So.2d 35 (Ala.Civ.App. 1977). However, the application of this rule of law to the facts and testimony adduced at trial is improper. A careful reading of the record reveals insufficient support for the appellant's contention that the validity of the contract was raised as an issue at trial. The testimony to which appellant refers merely shows an attempt to refute certain elements of the contract and does not address its validity. The issue of the contract's validity was not before the trial court. That court may not be put in error for failure to rule on a matter which was not presented to it or decided by it. Brown v. Brown, *Page 1224 
374 So.2d 332 (Ala.Civ.App. 1979), cert. denied, 374 So.2d 334 (Ala. 1979); McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App. 1978).
Appellant next argues that the trial court erred in basing its judgment for breach of the contract on the failure to build a retaining wall. To support his argument appellant relies upon the basic contracts rule that all prior negotiations are merged into the written contract which purports to cover the entire transaction. Guilford v. Spartan Food Systems, Inc.,372 So.2d 7 (Ala. 1979). An exception to this rule is where an ambiguity exists on the face of the written instrument. In that case the court may look to the prior negotiations or agreement to discern the true intent of the parties.
The contract in question contained several handwritten provisions. Two such provisions were added by the parties, not in the presence of one another. These provisions, which refer to the landscaping of the lot are notably inconsistent with one another and appear squarely on the face of the instrument. Whether or not an ambiguity exists in the written contract is to be determined by the trial court. When the terms of a contract are doubtful or the language is ambiguous, pre-contract negotiations and the conduct of parties may be looked to by the trier of facts as an aid in interpreting the contract.
The court heard extensive testimony by several witnesses as to prior negotiations concerning the retaining wall without objection from the appellant. There was testimony on the subject of the wall from the sales agent of the real estate broker representing appellant in the sale. The appellees were told by the agent that appellant "considered such wall as part of the landscaping yet to be done." Appellees' expert witness testified that the wall was necessary to prevent a potentially dangerous condition and that the use of such a wall was not uncommon in the area. All such testimony was admitted without any objection to preclude it under the parol evidence rule. The appellant himself testified that he had built similar walls on similar dirt banks in the area. The trial court stated in its findings that any testimony of the appellant that he never agreed to put in the wall "is rejected by the court."
The theory of the trial court in allowing all such evidence seems to have been that an ambiguity existed in the written contract. We conclude that the court acted properly in allowing testimony as to the prior negotiations concerning the retaining wall. The court could correctly base its findings of a breach of contract on the failure of appellant to build the wall.
Appellant claims the court erred in allowing recovery based on an implied warranty of fitness and habitability in construction of the house where the contract of sale was not closed.
This court in Cochran v. Keeton, 47 Ala. App. 194,252 So.2d 307 (1970), affirmed, 287 Ala. 439, 252 So.2d 313 (1971), recognized for the first time that an implied warranty of fitness and habitability exists in the sale by a builder — vendor of a newly constructed house. Our support for this principle holds firm. We find it unnecessary, in view of the judgment of the trial court, to decide whether an implied warranty arises in an unexecuted contract to sell. Though the record is incomplete in many respects, it is evident that the case was tried upon the theory of breach of contract. The trial court obviously found a breach of the express contract. Such breach was a proper ground upon which to award damages to appellees. The trial court's language in its judgment regarding an implied warranty appears incidental to its findings of breach. We consider it surplusage. We review upon the theory of the trial below. 2 Ala.Dig., Appeal and Error, Key No. 171 (1).
Appellant argues that the trial court erred in the measure of damages awarded. Appellees, in their brief, cite the well-established rule that damages for breach by the vendor under an executory contract for the sale of real estate is the difference between the contract price and the actual value of the land at the time of breach. They contend they have lost the benefit of buying a house worth $45,000 for the price of $39,900, a difference of $5,100. *Page 1225 
This is often stated as "loss of the bargain." That is the proper measure of damages in this case. B M Homes, Inc. v.Hogan, 376 So.2d 667 (Ala. 1979). However, there was no evidence presented that the fair market value of the house, if completed as agreed, would be $45,000. The figure of $45,000 appears only in a post-judgment motion. That is not evidence upon which the court could have based an award of damages.
Damages may not be determined by mere speculation or conjecture. American Life Insurance Co. v. Shell, 265 Ala. 306,90 So.2d 719 (1956). This court in Continental Volkswagen, Inc.v. Soutullo, 54 Ala. App. 410, 309 So.2d 119 (1975) held:
 The burden is on the plaintiff in an action for damages to furnish proof from which the jury can determine the amount of damages, if any, to which plaintiff is entitled and if plaintiff fails in this the jury cannot supply the omission by speculation.
We must observe that most of the record presented for review was never settled as required by Rule 10 (d), ARAP, and as such is incomplete. However, viewing all that we have before us, and finding no basis for the $5,000 award, it is our opinion that the damages awarded were erroneous and the judgment must be reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.