This is a negligent collision case.
The plaintiffs sought damages from Vickery, the operator of a farm tractor, and from its owner, Shackleford, for negligently causing a collision with resultant damages to the plaintiff Brumley. The plaintiff insurance company was Brumley's insurer. The defendants responded with the general issue and contributory negligence. After an ore tenus nonjury trial, the circuit court rendered a monetary judgment for the plaintiffs and against the defendants. Only the defendant Shackleford appeals. We consolidate the issues here raised into three: (1) whether the evidence was adequate to authorize a recovery by the plaintiffs, (2) whether the plaintiffs were guilty of contributory negligence, and (3) whether there was competent evidence whereby the damages to Brumley's car could be ascertained.
It is presumed that the factual determinations by the trial court, which heard and observed the presentation of the evidence, were correct. The conclusions of the circuit court will be affirmed on appeal if they were supported by credible evidence under any reasonable aspect and if they were not palpably wrong. Whitt v. McConnell, 360 So.2d 336 (Ala. 1978);Wiggins v. Brown, 391 So.2d 128 (Ala.Civ.App. 1980). We must search the evidence to ascertain if it upholds the judgment of the circuit court.
On July 14, 1981, Vickery was a farm worker employed by Shackleford. Vickery had been operating a cab over farm tractor at night in discing a chemical into the soil to prevent the losing of the potency of the chemical through prolonged exposure to the sun. He finished his labors, left the field and around 2:00 A.M. was driving the tractor upon the old Hackelburg to Hamilton highway in a northerly direction at a speed of from 20 to 25 miles per hour. The tractor was equipped with lights. Still attached to the tractor's hitch or lift was the twelve foot wide disc, which had no lights upon it. The evidence was in sharp dispute as to whether reflectors were situated upon the disc. Although the disc was lifted above the surface of the highway, it did not obstruct the view of a following vehicle of the rear lights of the tractor.
Just after Vickery rounded a curve in the highway, he met Shackleford, who was driving his pickup truck in the opposite direction. Shortly thereafter, Shackleford met Brumley. Shackleford blinked his truck's lights. Brumley described the occurrence as follows:
"Q. Tell your version of what happened.
 "A. I . . . started up the road and there is this pretty long curve and as I was coming out of the curve I met this truck, or pickup, and it flashed its lights, or blinked its lights, you know, like you want someone to dim their lights or something. But as I got immediately past the truck I saw the tractor and as I started going around the tractor I saw the disk sticking out and I scraped the disk and it made me lose control of *Page 1046 
the car and started sliding and that's the last I remember.
 "Q. Do you have a judgment as to how fast you were going?
"A. About fifty or fifty-five.
 "Q. Could you see the disk, Stanley, until you had hit it?
"A. No, sir. I wasn't aware that it had a disk on it.
 "Q. Were there lights or reflectors or anything on the disk?
"A. No."
Neither the tractor nor the disc extended across the center line of the highway. Brumley struck or scraped the disc about one foot from its left end with the car's right rear bumper.
At the conclusion of the trial, the circuit court stated:
 "THE COURT: I find that it is negligence to pull a twelve foot disk down the road without lights whether it has reflectors or not. Although there was evidence of drinking involved, there was no evidence of it contributing to the accident. So I find for the plaintiff in the amount of six thousand four hundred thirty-three dollars."
 I
Much argument is contained in the briefs of counsel as to whether or not lights and/or reflectors are required by the code to be placed upon a twelve foot disc which is lifted from the road by, and attached to, the hitch or lift of a farm tractor which has observable lights and which is then being operated around 20 miles per hour upon a public highway at 2:00 A.M. However, it is not essential that we determine whether a rule of the road was here violated in that respect for negligence in the operation of a vehicle may occur upon a public highway without regard to, or without any violation of, any rule of the road. "`[N]egligence' is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances." A.P.J.I., Civil § 28.01; Standifer v.Pate, 291 Ala. 434, 282 So.2d 261 (1973).
Under the evidence and reasonable inferences therefrom, it was within the prerogative of the trial court to find that, under that general law of negligence, the defendants did not exercise ordinary care in operating the tractor at 20 miles per hour at 2:00 A.M. upon that public highway when the trailing twelve foot wide disc was so indistinguishable in the dark as to not be reasonably noticeable to a reasonably prudent driver approaching the rig from the rear. The remarks of the trial judge could reasonably be interpreted to mean just that. The learned trial court did not err in that regard. The evidence supports a finding of negligence by the defendants and it is not palpably wrong.
 II
Brumley admitted that he had consumed four or five beers commencing about five o'clock on the prior afternoon but he denied being intoxicated at the time of the accident. His speed was disputed, being stated to have been from 50 to in excess of 55 miles per hour. Before the accident, he observed some lights upon the tractor, but did not recall seeing any flashing lights. Brumley did not blow his horn prior to attempting to pass Vickery.
The trial court expressly found that Brumley's drinking did not contribute to the accident, which finding is supported by the evidence. Since Brumley testified that the disc was not observable and that he was not aware that the tractor had such a farm implement attached to it until he hit it, the trial court could have ascertained that he did not violate § 32-5A-82
of the code, which requires passing at a safe distance on the left of a vehicle being overtaken. Because Vickery stated that, through the tractor's mirror, he observed that Brumley was approaching from Vickery's rear, the trial court could have concluded that Brumley's failure to blow his horn did not contribute to the accident. *Page 1047 
Thus, the evidence supported the trial court's judgment that any lack of care on Brumley's behalf did not contribute to his injuries and damages. We find no fault with the trial court's express or implied findings regarding contributory negligence.
 III
The trial court's judgment against the defendants was for $6,433. Evidence as to uncontested medical bills amounted to $2,357.
The evidence as to Brumley's damages to his automobile was as follows: He was driving a 1978 Buick Regal. Mississippi Farm Bureau Insurance Company, Brumley's insurer, paid him $5,000 for the car after the accident. Brumley accepted that money for the total destruction of his vehicle because "it was in pretty bad shape." While a "high" repair estimate had evidently been obtained by his insurance company, the automobile was repairable. Nothing further was mentioned about the estimate. Three pictures of the Buick which were taken after the accident were introduced into evidence. No further evidence regarding damages to the vehicle was before the trial court. There was no evidence of cost of repairs, salvage value, or before or after values of the car.
The legal measure of damages to a motor vehicle is generally the difference in its reasonable market value before and after an accident. If it was a total loss, that is, if it was so damaged as not to be reasonably repairable, the measure of damages is the reasonable market value before the accident, less its salvage value, if any, after the accident. Smith v.Springsteen, 385 So.2d 56, 60 (Ala.Civ.App. 1980); Hunt v.Ward, 262 Ala. 379, 79 So.2d 20 (1955). The evidence was insufficient to prove the value of the car before the accident or after the accident, or its salvage value, if any, following the accident. If the trial evidence is inadequate upon which to base an award of damages, the case must be reversed and remanded. Briggs v. Woodfin, 388 So.2d 1221 (Ala.Civ.App. 1980).
The case is due to be reversed and remanded for proceedings not inconsistent with the above. In view of this court's opinion the learned trial judge may, in his discretion, permit further proof.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.