PITTMAN, Judge.
This appeal is from the trial court’s judgment in a case involving the total loss of two automobiles from flood damage.
On January 18, 2000, John Lary, acting pro se, sued Valiant Insurance Company alleging breach of contract and bad-faith failure to pay an insurance claim. Lary alleged that Valiant had failed to fix his two flood-damaged vehicles, that the vehicles should have been considered total *1107 losses, and that Lary should have been compensated for the total loss of the vehicles. Valiant filed an answer denying the allegations. On November 20, 2000, Valiant filed a motion seeking a summary judgment as to Lary’s bad-faith claim. The trial court, receiving no response from Lary, granted Valiant’s motion and entered a partial summary judgment for Valiant.
Valiant had previously invoked an appraisal clause in the insurance policy purchased by Lary, which allowed the parties to submit to an umpire any disagreement about the amount of loss covered by the policy. The parties did so, and on January 2, 2002, Valiant filed a “motion to enforce settlement and/or appraisal clause provisions.” Lary responded by filing a motion for a summary judgment. The matter was then submitted to the trial court upon the stipulations and briefs of the parties. The trial court entered its judgment on February 7, 2002, awarding Lary the value determined by the umpire on both vehicles, minus the policy deductible, and awarding Valiant title to and possession of the vehicles. Lary appealed to the Alabama Supreme Court. Pursuant to § 12-3-10, Ala. Code 1975, the supreme court transferred this case to this court.
I.
Lary contends that the trial court erred by entering a summary judgment for Valiant on his bad-faith claim.
“A party moving for summary judgment has the burden of clearly showing that there is an absence of a genuine issue as to any material fact and that the moving party must be entitled to the summary judgment as a matter of law. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981). Once a motion for summary judgment has been made and supported as required by Rule 56, Alabama Rules of Civil Procedure, the motion is to be granted unless the adverse party makes an evidentiary or factual showing that there is a genuine issue of fact for trial. Butler, swpra.”
Denniston & Co. v. Jackson, 468 So.2d 170, 174 (Ala.Civ.App.1985). In the instant case the exhibits, affidavits, and pleadings establish that Valiant had not committed the tort of bad-faith refusal to pay a claim. The record clearly indicates that Lary filed no response to Valiant’s motion for a partial summary judgment.
“Once a prima facie showing is made that there is no [genuine] issue,of material fact, it then becomes the burden of the opposing party to produce evidence to the contrary. Holliyan v. Gayle, 404 So.2d 31 (Ala.1981). An opposing party may not rest upon the mere allegations or denials of the pleadings. Butler [v. Michigan Mut. Ins. Co., 402 So.2d 949 (Ala.1981) ]. When no evidence is offered to contradict, or the opposing party fails to respond to a motion for summary judgment, the trial court has no alternative but to consider the evidence presented by the moving party as un-contradicted; and, if warranted by such evidence, summary judgment may be entered against the nonmoving party. Butler v. Michigan Mut. Ins. Co., supra.”
Denniston, 468 So.2d at 174.
Valiant filed its motion for a summary judgment, outlining the elements of the tort of bad-faith failure to pay an insurance claim. In order to set forth a claim for bad faith, an insured must show (1) an intentional refusal by the insurer to pay the claim, (2) coupled with the absence of any reasonably legitimate or arguable reason for that refusal and (3) the insurer’s actual knowledge of the absence of an arguable or debatable reason for denying *1108 the claim. Chavers v. National Sec. Fire & Cas. Co., 405 So.2d 1 (Ala.1981). As a result, the courts have stated that the insured must show more than mere nonpayment and prove a bad-faith nonpayment, that is, the insured is required to show that there was a nonpayment and that there was no reasonable ground for dispute under the policy. National Sec. Fire & Cas. Co. v. Bowen, 417 So.2d 179 (Ala.1982).
The evidence before the trial court showed that Valiant did not refuse to pay a claim filed by Lary. Valiant paid the repair claims presented by Lary for both vehicles damaged by the flood. This alone negates the first element of bad faith. Lary, in his complaint, alleged Valiant was guilty of bad faith because, Lary alleged, Valiant paid for repairs on the vehicles knowing that the vehicles could not be repaired and that they were damaged beyond their market value. The evidence before the trial court showed that Valiant had both vehicles repaired, and that, after one of the vehicles exhibited additional problems, Valiant had it appraised. The appraiser reported the vehicle was a total loss, given the cost of the additional repairs. Valiant paid the costs of the repairs to both vehicles, and when the additional repairs to the second vehicle placed it in the category of a total loss, Valiant offered to pay the loss. The only remaining dispute between the parties was the actual cash value of the vehicles. Based on the evidence before the trial court, the summary judgment on the bad-faith claim was proper. We therefore affirm the partial summary judgment for Valiant.
II.
Lary’s remaining issues on appeal are concerned with the judgment of the trial court regarding his breach-of-contract claims. The trial court took the pleadings and submissions of the parties on the undisputed evidence and rendered a judgment. Nothing in the record indicates that the trial court heard any evidence; in fact, the trial court denied a request for oral argument.
“Normally, a trial court’s judgment is accorded great weight where that court hears evidence ore tenus. Copeland v. Richardson, 551 So.2d 353 (Ala.1989); Cale v. City of Bessemer, 393 So.2d 959 (Ala.1980). However, as in this case, when a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts. Home Indemnity Co. v. Reed Equipment Co., 381 So.2d 45 (Ala.1980). Furthermore, where the trial court sits without a jury and hears evidence in the form of stipulations, briefs, and writings of the parties, then an appellate court will sit in judgment on the evidence. Hacker v. Carlisle, 388 So.2d 947 (Ala.1980). See, also, Ex parte British Steel Corp., 426 So.2d 409 (Ala.1982).”
Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala.1990). In the instant case, the trial court decided this case without a jury and based upon written submissions; therefore, this Court sits in judgment on the evidence.
Lary’s first contention is that the trial court erred when it ordered Lary to transfer title of the damaged vehicles to Valiant. In his submissions to the trial court, the only argument made by Lary is that § 32-8-87, Ala.Code 1975, allows either Valiant or him to forward the titles on a car declared a total loss to the Department of Revenue; therefore, he argues, Valiant has no automatic right to the vehicles and their titles. Section 32-8-87(b) reads, in pertinent part, as follows:
*1109 “(b) When the frame or engine is removed from a motor vehicle and not immediately replaced by another frame or engine, or when an insurance company has paid money or made other monetary settlement as compensation for a total loss of any motor vehicle, the motor vehicle shall be considered to be salvage. The owner of every motor vehicle in which total loss or salvage has occurred shall, within 72 hours after the total loss or salvage occurs, make application for a salvage certificate of title and forward to the department the certificate of origin or certificate of title to the motor vehicle, whereupon the department shall process the certificate of origin or certificate of title in a manner prescribed by law or regulation. An insurance company which pays money or makes other monetary settlement as compensation for total loss of a motor vehicle shall at the time of payment or monetary settlement obtain the vehicle’s certificate of origin or certificate of title and, as soon as practicable after receiving them, shall forward them along with their application for a salvage certificate, to the department for processing.”
Valiant, on the other hand, argues that the statute mandates that Valiant acquire the vehicles and the titles to those vehicles so it can forward those titles to the Department of Revenue.
The statute clearly says any insurance company that pays money or compensation for the total loss of a vehicle must acquire the title to the vehicle. However, the statute does not address whether the insurer has a right to possession of the actual vehicles. More importantly, § 32-8-87(b), which is a part of the Alabama Uniform Certificate of Title and Anti Theft Act, § 32-8-1 et seq., Ala.Code 1975 (“the Act”), is not concerned with right of possession of salvage vehicles, but instead with tracing title and deterring theft, hence the title of the Act.
Having nothing more than that argument before it, the trial court ordered Lary to forward the titles to the vehicles to Valiant, who would pay the amount adjudged by the umpire to be the actual cash value of the vehicles. Alabama law has generally held that if a vehicle is considered a total loss, that is, if it was so damaged as not to be reasonably repairable, the measure of damages is the reasonable market value before the accident, less its salvage value, if any, after the accident. See, Shackleford v. Brumley, 437 So.2d 1044, 1047 (Ala.Civ.App.1983); Smith v. Springsteen, 385 So.2d 56, 60 (Ala.Civ.App.1980); Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955). Our review of the record shows that the trial court’s damages award mirrors the umpire’s findings. The umpire’s findings were based on the appraisal done for Lary, and in that appraisal, a separate amount ($1,000 per vehicle) was listed as salvage value. The trial court awarded Lary the reasonable market value of the cars with no deduction for salvage value. Therefore, Lary could not retain the vehicles or he would be unjustly enriched. The trial court did not err by ordering Lary to surrender the vehicles to Valiant.
Lary next contends that the trial court erred when it failed to award him prejudgment interest on his judgment. In his summary-judgment motion, he simply asks for prejudgment interest. On appeal, Lary argues that § 8-8-8, Ala.Code 1975, allows for prejudgment interest, and cites our case of Auto-Owners Insurance Co. v. Culpepper, 426 So.2d 435 (Ala.Civ.App.1983). In Auto-Owners, we noted that “[i]n an action for damages to a plaintiffs automobile, [§ 8-8-8, Ala.Code 1975,] allows interest on the damages.” 426 So.2d at 438. In Auto-Owners, however, we also *1110 noted that certain requirements must be met:
“ ‘(1) The amount due must be certain; (2) the time when it is due must be certain; (3) the amount due and time of payment must be known to the debtor.’ Roe v. Baggett Transportation Co., 326 F.2d 298, 301 (5th Cir.1963), quoting Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789 (1922).”
426 So.2d at 439. Lary made no argument nor did he present any evidence concerning these requirements for prejudgment interest under § 8-8-8, Ala.Code 1975; therefore, the trial court did not err in failing to award Lary prejudgment interest.
Lary contends on appeal that the trial court erred when it failed to award him loss-of-use damages on his two vehicles. He argues that the insurance policy he purchased from Valiant specifically contains a provision for payment for the loss-of-use of a covered automobile. He submitted the insurance policy as an attachment to his summary-judgment motion. Valiant contends that, under Alabama law, an insured may not recover loss-of-use damages to a vehicle that is ultimately declared a total loss. Valiant is correct. Our supreme court has previously held that “[rjecovery cannot be had for both total loss of an automobile and loss of use of the same vehicle.” Fuller v. Martin, 41 Ala.App. 160, 164, 125 So.2d 4, 7 (1960)(citing Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955)). Therefore, the trial court did not err in refusing to award Lary loss-of-use damages on his two vehicles.
III.
Lary contends that the trial court erred when it failed to award him sales tax and labor costs associated with the damage to the vehicles. Valiant did not respond to either of those claims in any of its filings with the trial court. The record shows that Lary specifically pointed out the policy provisions upon which he based his claims. The insurance policy provides that “[i]f we pay for loss in money, our payment will include the applicable sales tax.” Lary submitted that the local car sales tax is 4%. Four percent of the trial court’s judgment amount of $41,005 would be $1,640. Additionally, Lary quoted the provision contained in the declarations page of the insurance policy that allows for $50 per vehicle towing and labor reimbursement for each time the vehicle is disabled. He then attached receipts evidencing those expenses. There being no evidence offered to the contrary by Valiant, Lary is due judgment for those amounts. Accordingly, we remand this case to the trial court to enter an order on that issue consistent with this opinion.
Lary’s last contention is that the trial court erred when it subtracted the $250 per car deductible from his damages award. We agree. Lary submitted by affidavit and argued in his motions that he was forced to pay two separate $250 deductibles in order for the repair shop to release his cars. The evidence and exhibits show that the repair shop even listed on one of its repair invoices “paid $250 M/C Deductible 7/28/99 (signature).” Again, Valiant never contested that evidence as untrue, nor did it present any argument to the trial court as to this issue. We therefore reverse that portion of the trial court’s judgment that deducted $500 from the total amount of the damages award.
IV.
Based on the above, we affirm the trial court’s partial summary judgment for Valiant on the bad-faith claim. Additionally, we affirm the trial court’s judgment insofar as it orders the transfer of title of the subject vehicles from Lary to Valiant. We *1111 reverse the trial court’s judgment insofar as it deducted $500 from the judgment against Valiant. Lastly, we remand the case so that the trial court can address the issue of the $1,740 for the sales tax, towing, and labor costs associated with the damage to the vehicles.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.