THOMPSON, Presiding Judge,
concurring specially.
Because this court is bound by our supreme court’s decision in Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955), I concur fully in the main opinion. I write specially to indicate my disagreement with the holding in Hunt that loss-of-use damages are limited to damaged but repairable commercial vehicles and not available in the case of a damaged commercial vehicle that cannot be repaired. I agree, instead, with the Supreme Court of Oklahoma, which, as to this issue, has written:
“ ‘[Tjhis Court fails to see any logical or practical reason for a distinction between repairable and unrepairable damage to a commercial vehicle which would justify loss of use for the former and not for the latter even though the owner suffers loss because he cannot immediately replace the vehicle. In both instances the owner has lost the same thing, the use of his vehicle, and he should be able to recover this loss of use in either case.’ ”
DTS Tank Serv., Inc. v. Vanderveen, 683 P.2d 1345, 1347 (Okla.1984) (quoting Dennis v. Ford Motor Co., 471 F.2d 733, 736 (3d Cir.1973)). See also Long v. McAllister, 319 N.W.2d 256, 259-61 (Iowa 1982). I urge our supreme court to reconsider its holding in Hunt and to adopt what, in my opinion, is the more rational approach to fully compensating an injured party for the total loss of its commercial vehicle by allowing that injured party to recover damages for the loss of use of that vehicle during the time it seeks a replacement vehicle.