[S. F. No. 20165. In Bank. Nov. 13, 1959.]

WESLEY REYNOLDS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Respondent.

Nagle & Vale and William Nagle, Jr., for Appellant.

Dodd M. McRae, Kirkbride, Wilson, Harzfeld & Wallace and John E. Lynch for Respondent.

GIBSON, C. J.—The sole question presented on this appeal is whether the owner of personal property which has been wrongfully destroyed is limited in damages to the value of the property at the time of destruction or may also recover for loss of use during the period reasonably required for replacement.

Plaintiff's airplane was abandoned at sea and destroyed as the result of its negligent operation by defendant's testator. In addition to general damages, plaintiff sought special damages for loss of use of the plane until it could be replaced, and he offered to prove that new or used equivalent aircraft were not immediately available, that it would require four or five months to replace the aircraft, that its reasonable rental value was $1,200 per month, and that the loss of business profits for the period reasonably required for replacement was $5,000. The offer of proof was rejected on the ground that such evidence was not admissible. A judgment was rendered for plaintiff in the amount of $30,000, representing the value of the airplane, and he has appealed, claiming that he should have been allowed to prove additional damages for loss of use.

█ Section 3333 of the Civil Code provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." It is established, under this section, that where a vehicle is injured by the wrongful act of another, the owner is entitled to recover for the damage done to the vehicle and also for the loss sustained by being deprived of its use during the time reasonably required for the making of repairs. (*Valencia* v. *Shell Oil Co.*, 23 Cal.2d 840, 844 [147 P.2d 558]; *Johnson* v. *Central Aviation Corp.*, 103 Cal.App.2d 102, 107-108 [229 P.2d 114] [airplane]; *Tremeroli* v. *Austin Trailer Equip. Co.*, 102 Cal.App.2d 464, 480, 482 [227 P.2d 923]; *Marshall* v. *Golden State Milk Products Co.*, 113 Cal.App. 43, 45 [297 P. 109].) █ There appears to be no logical or practical reason why a distinction should be drawn between cases in which the property is totally destroyed and those in which it has been injured but is repairable, and we have concluded

that when the owner of a negligently destroyed commercial vehicle has suffered injury by being deprived of the use of the vehicle during the period required for replacement, he is entitled, upon proper pleading and proof, to recover for loss of use in order to "compensate for all the detriment proximately caused" by the wrongful destruction.

Our conclusion is supported by decisions in several jurisdictions and by the Restatement of Torts. (*Louisville & N.R. Co.* v. *Blanton*, 304 Ky. 127 [200 S.W.2d 133, 138]; *Louisville & I.R. Co.* v. *Schuester*, 183 Ky. 504 [209 S.W. 542, 543-545, 4 A.L.R. 1344]; *Paguio* v. *Evening Journal Assn.*, 127 N.J.L. 144 [21 A.2d 667, 668]; *Park* v. *Moorman Mfg. Co.*, 21 Utah 2d 339 [241 P.2d 914, 920-921, 40 A.L.R.2d 273]; *Guido* v. *Hudson Transit Lines*, 178 F.2d 740, 742-743; *Buchanan* v. *Leonard*, 127 F. Supp. 120, 122; see Rest., Torts, § 927.) The refusal in some jurisdictions to allow damages for loss of use of a totally destroyed vehicle appears to be the result of historical limitations upon the action of trover at common law. (See 1 Sedgwick on Damages (9th ed. 1913), § 178, pp. 336-338; note 35 Cornell L.Q. (1950) 862, 864-867; note 19 Fordham L.Rev. (1950), 223, 224-225.)

The early case of *Butler* v. *Collins*, 12 Cal. 457, 466, relied upon by defendant, is not in point since it did not involve the measure of damages where destroyed chattels are not immediately replaceable. Moreover, the case was decided before the enactment of section 3333 of the Civil Code. Nor is *Pfingsten* v. *Westenhaver*, 39 Cal.2d 12, 21-22 [244 P.2d 395], controlling because the court, under conflict of laws principles, was dealing with the law of Iowa. *Griffith* v. *Bucknam*, 81 Cal. App.2d 454, 459-460 [184 P.2d 179], is distinguishable. There the plaintiff gave the defendant an option to purchase a stallion at a certain price, and it was held that plaintiff's damages for the wrongful destruction of the horse were limited to the amount she had agreed to accept for the horse. The dictum in *Bedell* v. *Mashburn*, 87 Cal.App.2d 417, 423 [197 P.2d 98], that damages for the destruction or conversion of personal property are limited to the actual value of the article, is disapproved.

The rejection of plaintiff's offer to prove special damages for loss of use requires a limited reversal of the judgment to permit trial of the issues raised by the offer of proof. Insofar as the judgment awards plaintiff the value of the airplane, the determination need not be disturbed, and, if additional special

damages are found, they may be added to the amount already awarded by the jury.

The judgment is reversed with directions to try the issues raised by plaintiff's claim of loss of use.

Traynor, J., Schauer, J., Spence, J., McComb, J., White, J., and Peek, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.