**DTS TANK SERVICE, INC., Appellant,**

v.

**William Lee VANDERVEEN and John Vanderveen, Appellees.**

**No. 60010.**

Supreme Court of Oklahoma.

July 10, 1984.

W. Robert Wilson, Kane, Kane, Wilson & Mattingly, Pawhuska, for appellant.

Dennis King, Wilburn, Knowles & King, Tulsa, for appellees.

DOOLIN, Justice.

Appellant [DTS] alleges Appellee [Vanderveen] was responsible for a truck-car accident in Osage County in which its specially equipped truck and trailer were totally destroyed. DTS sued, alleging that $31,-000 is the amount it lost in profits during the 79 days it took to order and receive a new truck and trailer. It alleges no rental truck/trailer was available.

Vanderveen's motion for summary judgment was granted on the strength of our opinion in *Marland Refining Co. v. Duffy*, 94 Okl. 16, 220 P. 846 (1923), and cases subsequent, in which we set down the rule for damages in vehicle accidents, when not repairable.

*Marland* also involved a car/truck accident. This Court set out the rule for damages in case where the damaged vehicle is repairable: "The measure of damages for injury to personal property that can be

repaired is the cost of repair and the value of its use necessarily lost pending repair," citing an earlier case, *Weleetka Light & Water Co. v. Northrop*, 42 Okl. 561, 140 P. 1140 (1914).

We also stated without comment a similar passage from a treatise, "Berry On Automobiles" (2nd Ed.) § 547:

"When an automobile has been damaged by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. *If it cannot be repaired then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage.*" [emphasis added].

We are now asked to overturn or at least allow exceptions to the emphasized phrase from the treatise.

At the outset we observe that *Marland* was decided on damages to a repairable vehicle. We also observe that the passage from the Berry treatise was added to the opinion without comment; we neither approved it nor disapproved it. However, we did use the rule in subsequent cases, which assumed we adopted it in *Marland*. *See, Coe v. Esau*, 377 P.2d 815 (Okl.1963).

The statutory measure of damages in the instant circumstance is set out at 23 O.S. 1981, § 61:

"For the breach of an obligation not arising from contract, the measure of damages except where otherwise expressly provided by this chapter, is the amount which will compensate for *all detriment* proximately caused thereby, *whether it could have been anticipated or not.*" [emphasis added].

Neither *Marland* nor *Weleetka* involved damaged commercial vehicles, with special equipment that would make them difficult to replace immediately.

DTS argues that due to the precarious foundation of authority upon which *Marland* is based, and the advancement in the use and design of vehicles, especially commercial vehicles, we should look at the "modern" view of damages to *irreparable vehicles*, by re-examining *Marland*. We agree.

One of this Court's first pronouncements on "all damage" *Choctaw, O. & G.R. Co. v. Alexander*, 7 Okl. 591, 54 P. 421 (1898), which the Court said:

"We do not think any principle of construction can be applied which shall modify the liability imposed for 'all' damages by limiting to 'some' damages which shall be caused by the setting of prairie on fire. In order to make the statute, mean this, the Court would have to interject that limitation into the statute, so as to make the statute say, 'some damages' .... The question is plain and simple, and it must be determined by direct observation of the terms of the statute itself."

DTS argues that "all damage" in the *Choctaw* case can be read as synonymous to "all detriment" of our present-day damage statute, quoted above.

Several states have adopted the so-called "modern view" which makes no distinction in the recovery of lost profits-lost use between repairable and irreparable situations.

California's Supreme Court adopted the modern view in *Reynolds v. Bank of America National Trust & Savings Assoc.*, 53 Cal.2d 49, 345 P.2d 926 (1959):

"There appears to be no logical or practical reason why a distinction should be drawn between cases in which the property is totally destroyed and those in which it has been injured but is repairable, and we have concluded that when the owner of a negligently destroyed commercial vehicle has suffered injury by being deprived of the use of the vehicle during the period required for replacement, he is entitled, upon proper pleading and proof, to recover the loss of use in order to 'compensate for all the detriment proximately caused' by the wrongful destruction."

We note that California's statute on damages, quoted in *Reynolds*, is identical to our damage statute, 23 O.S.1981, § 61.

Agreement is found in the Restatement of Torts, [Second] § 927, referring to damages for destruction of "any thing". Damages would include the "value of the subject matter: and "compensation for the loss of use not otherwise compensated."

The Wisconsin Supreme Court encountered a similar fact situation in *Nashban Barrell & Container Co., Inc. v. G.G. Parsons Trucking Co.*, 49 Wis. 591, 182 N.W.2d 448 (1971), which involved destruction of a uniquely-designed trailer. Following a lengthy discussion of the "modern" versus "old" law, the Court adopted the "modern" view under a condition of "reasonableness":

"The standard to be applied to such recovery is that of reasonableness under all the circumstances of the particular case. Therefore, damages should be allowed for loss of use (1) during a *time period* reasonably required for replacement, including a reasonable time to determine whether the vehicle is in fact repairable, and (2) in an amount equal to that which was actually expended (absent a showing that a temporary replacement was unavailable), provided such amount is not unreasonable."

And, finally, the Third Circuit Court of Appeals said:

"Consequently, this Court fails to see any logical or practical reason for a distinction between repairable and unrepairable damage to a commercial vehicle which would justify loss of use for the former and not for the latter even though the owner suffers loss because he cannot immediately replace the vehicle. In both instances the owner has lost the same thing, the use of his vehicle, and he should be able to recover this loss of use in either case."

*Dennis v. Ford Motor Company*, 471 F.2d 733 (3rd Cir.1973).

We hold that loss of use should be included in damages recoverable when a commercial vehicle is destroyed, subject to a condition of "reasonableness", as that term is commonly understood. 23 O.S. 1981, § 97. In the case at bar, the owner must show that he could not have rented a similar truck while the replacement truck was being delivered. He must show that the 79-day waiting period was reasonable. When a commercial vehicle has been negligently destroyed and is irreparable its owner may recover all damages therefor upon proper pleading and proof of same including but not limited to loss of use during replacement.

REVERSED AND REMANDED.

BARNES, C.J., and LAVENDER, DOOLIN, HARGRAVE and OPALA, JJ., concur.

WILSON and KAUGER, JJ., concur generally and specially.

SIMMS, V.C.J., and HODGES, J., concur in result.

KAUGER, Justice, concurring generally and specially:

Although I concur in the majority's opinion, I would not confine the holding to specially equipped commercial vehicles.

I am authorized to state that Justice ALMA WILSON concurs in the views herein expressed.