### A90A2165. BORAL BRICKS, INC. v. OLD SOUTH TRANSPORTATION MANAGEMENT, INC.
(402 SE2d 777)

CARLEY, Judge.

A vehicle belonging to appellant-plaintiff was totally destroyed in a collision with a vehicle belonging to appellee-defendant. Thereafter, a settlement was reached except insofar as appellant's recovery for the "loss of use" of its vehicle was concerned. As to this claim for "loss of use," appellant brought the instant tort action against appellee. Appellee moved for summary judgment and appellant appeals

from the trial court's grant of that motion.

1. Under controlling Supreme Court authority, "[i]f personal property were injured but not destroyed, loss of [use] might be recovered as damages; but where the property was lost or destroyed by the negligent act of another, the measure of damages would be the full market value of the property at the time of the injury or loss, with interest thereon." *The Atlanta Cotton-Seed Oil Mills v. Coffey*, 80 Ga. 145, 146 (5) (4 SE 759) (1887). This rule is applicable even though the destroyed property is used in business or for commercial gain. See *Georgia R. & Elec. Co. v. Wallace & Co.*, 122 Ga. 547 (50 SE 478) (1905); *Webb v. May*, 91 Ga. App. 437 (85 SE2d 641) (1955). Since appellant's truck was destroyed, it follows that the measure of recoverable damages is the full fair market value of the truck and not the "loss of use" thereof.

Moreover, even if appellant's truck had merely sustained repairable damage and had not been destroyed, it is nevertheless clear that appellant has no viable claim against appellee. "[T]he difference in ascertainment of damages as between a total loss and a repairable vehicle serves to provide fair, reasonable, and adequate compensation for the [damage] inflicted in that *the maximum recovery for a repairable automobile including loss of use may not exceed [the fair market] value before the [damage]*. [Cits.]" (Emphasis supplied.) *Firestone Tire &c. Co. v. Jackson Transp. Co.*, 126 Ga. App. 471, 478 (2) (191 SE2d 110) (1972). It is undisputed that appellant has *already* accepted from appellee a sum that was agreed upon as the pre-collision fair market value of the truck. Accordingly, even if this were a proper case for an award of damages for the "loss of use," any *further* recovery would be barred as exceeding the maximum that is otherwise allowable.

2. Appellant contends that it is entitled to recover additional damages for the "loss of use" of its vehicle under an equitable estoppel theory. However, as noted above, appellant has no legal right to a recovery of those additional damages. Accordingly, the ultimate effect of the estoppel theory that is advanced by appellant would *not* be to protect it from an unconscionable loss, but to authorize a windfall of such damages as are otherwise legally non-recoverable. The purpose of equitable estoppel "is to protect a party from loss. It was never intended to work a positive gain." *Berolzheimer v. Taylor*, 230 Ga. 595, 599 (198 SE2d 301) (1973). "Estoppel does not create a right ([cit.]). . . . [Cits.]" *McCallum v. Almand*, 213 Ga. 701, 705 (100 SE2d 924) (1957). It follows that the principle of equitable estoppel would not render the trial court's grant of summary judgment in favor of appellee erroneous.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Hull, Towill, Norman & Barrett, Neal W. Dickert,* for appellant.
*Gray, Gilliland & Gold, T. Cullen Gilliland, Nancy K. Condron,* for appellee.