BRYAN, Judge.
S & M, LLC, d/b/a Huntsville Cab Company (“Huntsville Cab”), appeals from a judgment in favor of Kevin Burchel, the personal representative of the estate of Roy William Burchel (“the personal representative”). We affirm.
On April 21, 2008, a taxicab owned by Huntsville Cab was damaged in a collision with an automobile driven by Roy William Burchel (“Roy”) in Decatur. The cost to repair the taxicab would have exceeded its fair market value; therefore, Huntsville Cab replaced the damaged taxicab instead of repairing it.
Huntsville Cab sued Roy in the Morgan District Court, seeking to recover damages not only for the damage to its taxicab but also for loss of its use. While the action was pending in the district court, Roy paid Huntsville Cab the fair market value of the taxicab, which was $5,387.50, and the cost incurred by Huntsville Cab in modifying the replacement automobile to make it suitable for use as a taxicab,[1] which totaled *506 $2,765.95. Roy died while the action was pending in the district court, and the personal representative was substituted for Roy. Following a trial, the district court entered a judgment in favor of the personal representative with respect to Huntsville Cab’s claim for damages for loss of use of the taxicab.
Huntsville Cab appealed to the Morgan Circuit Court for a trial de novo. Following a bench trial, the circuit court, on September 14, 2011, entered a judgment in favor of the personal representative with respect to Huntsville Cab’s claim for damages for loss of use of the taxicab. In pertinent part, the circuit court’s judgment states:
“A number of material facts in this case are undisputed. On April 1, 2008, [Huntsville Cab’s] taxi cab was struck in the side by a vehicle operated by the decedent, Roy Burchel. Burchel is liable for the damage caused to the cab. It was deemed to be a total loss and was not repaired by [Huntsville Cab]. [Roy] paid [Huntsville Cab] $8,153.45 for the loss of its vehicle plus the cost of outfitting it as a cab. The sole issue for the Court to decide is what loss-of-use damages, if any, [Huntsville Cab] is entitled to recover from the date of the wreck until it obtained a replacement vehicle and outfitted it for service as a cab.
“The Court’s decision on [Huntsville Cab’s] demand for loss-of-use damages is controlled by the following rule of law: a party cannot recover damages for both the total loss of a vehicle and the loss of use of that same vehicle. Fuller v. Martin, [41 Ala.App. 160, 164] 125 So.2d 4, 7 (1960); Lary v. Valiant Insurance Co., 864 So.2d 1105, 1110 (Ala.Civ.App.2002). Because [Roy] has paid [Huntsville Cab] the value of the totaled cab which it did not repair, [Huntsville Cab] as a matter of law is not entitled to recover loss-of-use damages.
“Accordingly, it is ORDERED AND ADJUDGED by the Court that a judgment be, and hereby is, rendered in favor of the [personal representative] and against [Huntsville Cab] on the remaining claim for damages in this case. The [personal representative] is discharged from any further obligation or liability to [Huntsville Cab].”
Huntsville Cab timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Huntsville Cab argues that the circuit court erred in determining that it was not entitled to recover damages for loss of use of the taxicab because it had been compensated for the total loss of the taxicab. Because the material facts are undisputed, the issue before us involves only the circuit court’s application of the law to undisputed facts. Therefore, our review is de novo. See State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 810 (Ala.2005) (“Because the issues before us involve only the application of law to undisputed facts, our review is de novo.”).
In Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955), the supreme court addressed the measure of damages for an automobile damaged in a collision. In pertinent part, the supreme court stated:
“The primary rule is generally stated to be that the damage is embraced in the formula that it is the difference in the value of the [automobile] before and after the accident, caused by the accident. If it is so damaged as not to be repairable and has no value after the *507 accident, it would be simply its value at the time of the accident (less its junk value, if any). On this amount interest should be allowed. If it is repairable and the owner sees fit to repair it and while doing so he is deprived of its use and incurs other expense in that connection, he may have the reasonable cost of the parts and labor in making the repairs together with the reasonable cost of transporting it and other incidental cost, if any, and the reasonable value of its use or hire during that time, on the theory that he could have hired one for use during that period: also interest on the total as indicated above.”
262 Ala. at 384-85, 79 So.2d at 25-26 (emphasis added).
Citing Hunt v. Ward, among other authorities, the court of appeals stated in Fuller v. Martin, 41 Ala.App. 160, 164, 125 So.2d 4, 7 (Ala.Ct.App.1960):
“The general rule is that if the automobile is injured so that it cannot be repaired the measure of damages is its value immediately before the accident, less its wreckage value, if any. Recovery cannot be had for both total loss of an automobile and loss of use of the same vehicle.”
(Emphasis added.) Likewise, in Lary v. Valiant Insurance Co., 864 So.2d 1105, 1110 (Ala.Civ.App.2002), this court stated: “Our supreme court has previously held that ‘[rjecovery cannot be had for both total loss of an automobile and loss of use of the same vehicle.’ Fuller v. Martin, 41 Ala.App. 160, 164, 125 So.2d 4, 7 (1960) (citing Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955)).”
Despite the rule established by the foregoing authorities that damages for loss of use may not be recovered if the damaged automobile is a total loss and the owner is compensated for its total loss, Huntsville Cab argues that Wilson & Co. v. Sims, 250 Ala. 414, 34 So.2d 689 (1948), indicates that in “certain circumstances” damages for loss of use of a damaged commercial vehicle may be recovered despite its being a total loss and the owner’s having been compensated for its total loss. In Wilson & Co. v. Sims, a commercial vehicle owned by Ramona Sims was damaged in a collision with an vehicle owned by Wilson & Co., Inc. (“Wilson”), which resulted in Sims’s vehicle being out of service while it was repaired. Sims sued Wilson, and, during trial, introduced a lease indicating that her vehicle was leased to Deaton Truck Lines when it was damaged and indicating the amount of rent she had lost as a result of her vehicle being out of service for repairs. Sims did not introduce any evidence tending to prove the market rental value of her vehicle while it was out of service for repairs. Moreover, the jury was not instructed regarding the applicable measure of damages. The jury returned a verdict in favor of Sims, and Wilson appealed. Reversing the judgment in favor of Sims, the supreme court stated, in pertinent part:
“The rule in Alabama for the measure of damages for the injury to a commercial vehicle is the damages which would remunerate the plaintiff for necessary repairs in substantially restoring the vehicle to its former condition and the market value of its use or hire during the time required to make such repairs and fit it for business. Southern Ry. Co. v. Reeder, 152 Ala. 227, 236, 44 So. 699, 126 Am.St.Rep. 23 [ (1907) ]; Plylar v. Jones, 207 Ala. 372, 92 So. 445 [ (1922) ]. This seems to be the rule in most of the jurisdictions. 4 A.L.R. 1352, Annotation a; 1355 b; 78 A.L.R. 911, Annotation a, 912 b.
“The jury was given no instructions as to the correct measure of damages in the case, nor was there any evidence of the reasonable value of the use or hire of *508 the disabled vehicle during the period it was out of service for necessary repairs. The jury was allowed to speculate as to this element of damages and to proceed on the wrong theory in awarding a recovery and the predicate for error laid in this regard by objection to certain evidence and in motion for new trial necessitates a reversal of the judgment.
“The written lease (noted by the reporter) of the [vehicle] to Deaton Truck Lines afforded no basis on which to rest such an award, since there was no proof that the lease was commensurate with the market or reasonable rental value of the vehicle and its introduction did not suffice as proof to satisfy the rule as to the measure of this element of damages nor to relieve them from being speculative.
“[Sims] sought to rest recovery for the loss of use of the [vehicle] on proof of loss of profits during the period it was laid up for repairs, but this is not permissible in this kind of a case. The weight of authority does not support such a theory nor have our own courts sanctioned it. The following text in American Jurisprudence, Vol. 5, p. 908, § 751, states what we conceive to be the pertinent rule: ‘While the loss of prospective profits may, in certain circumstances, be considered as an element of damages for injury to a commercial vehicle, the weight of authority is to the contrary. In no event, however, may one recover for loss of profits that are purely speculative or problematical.’
“The ‘certain circumstances’ mentioned in the quoted text — and not here pertinent under the pleading and proof if such exception to the rule were to be approved — generally appears to refer to those cases where an award of loss of profits is allowed when no substitute motor vehicle can be obtained in the market while plaintiffs vehicle is being repaired. 4 A.L.R. 1361 c, and cases; 42 C.J. 1294, § 1171, and cases n. 52, 53, p. 1298, § 1179, n. 32.”
250 Ala. at 415-16, 34 So.2d at 690-91 (emphasis added).
Huntsville Cab argues that the case now before us falls within the “certain circumstances” referred to in Wilson & Co. v. Sims and that, therefore, it was entitled to recover damages for loss of use of its taxicab while it located and modified a replacement automobile. However, in Wilson & Co. v. Sims the damaged vehicle was repairable and was indeed repaired. In the present case, on the other hand, Huntsville Cab’s taxicab was not repairable — it was a total loss. Wilson & Co. v. Sims is consistent with Hunt v. Ward in indicating that if the damaged automobile “is repairable and the owner sees fit to repair it and while doing so he is deprived of its use ... he may have ... the reasonable value of its use or hire during that time, on the theory that he could have hired one for use during that period.... ” 262 Ala. at 385, 79 So.2d at 26. However, because the damaged vehicle in Wilson & Co. v. Sims was repairable and the owner elected to have it repaired, it does not purport to state a rule applicable when the damaged automobile is a total loss and the owner has been compensated for its total loss. When the damaged automobile is a total loss and the owner has been compensated for its total loss, the rule in Alabama is that the owner may not recover damages for loss of use. See Hunt v. Ward, Lary v. Valiant Ins. Co., and Fuller v. Martin. Thus, Huntsville Cab’s argument based on Wilson & Co. v. Sims has no merit.
Huntsville Cab also argues that this court should change the rule in Alabama that, if the damaged automobile is a total loss and the owner has been compensated for its total loss, the owner may not recover damages for loss of use because, Huntsville Cab says, (1) the rule prevents Hunts *509 ville Cab from being made whole, which is the purpose of compensatory damages; (2) economic factors have changed since Hunt v. Ward and Fuller v. Martin were decided; (8) other jurisdictions allow the owner of a damaged automobile that is a total loss to recover damages for loss of use; and (4) it is illogical to allow the owner of a damaged automobile that is repairable to recover damages for loss of use while denying such a recovery to the owner of a damaged automobile that is a total loss. However, the supreme court established the existing rule in Hunt v. Ward, and this court is bound by supreme court precedent. See § 12-8-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals.... ”). Therefore, we must apply the existing rule in the present case. Because Huntsville Cab’s taxicab was a total loss and Huntsville Cab had been compensated for the total loss of the taxicab, the circuit court properly determined that Huntsville Cab was not entitled to recover damages for loss of use of the taxicab. Accordingly, we affirm the judgment of the circuit court.
AFFIRMED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs specially.

. The modifications necessary to make the replacement automobile suitable for use as a *506 taxicab included, among other things, installing a meter and a radio in it, installing a light on its roof, painting it, and installing lettering on it.