WOODALL, Justice.
S & M, LLC, d/b/a Huntsville Cab Company (“Huntsville Cab”), petitioned this Court for certiorari review of the decision of the Court of Civil Appeals affirming a judgment in favor of Kevin Burchel, as personal representative of the estate of Roy William Burchel (“the estate”), on Huntsville Cab’s claim against the estate seeking damages for loss of use of a commercial vehicle. This Court granted Huntsville Cab’s petition for certiorari review to consider whether the measure-of-damages rule set forth in Hunt v. Ward, 262 Ala. 379, 79 So.2d 20 (1955), on which the Court of Civil Appeals relied, is consistent with the purpose of compensatory damages, which is “ ‘to make the plaintiff whole by reimbursing him or her for the loss or harm suffered.’ ” Ex parte Goldsen, 783 So.2d 53, 56 (Ala.2000) (quoting Ex parte Moebes, 709 So.2d 477, 478 (Ala.1997)). Because we conclude that the rule stated in Hunt is not consistent with this purpose, we modify the rule, reverse the Court of Civil Appeals’ judgment, and remand the case for further proceedings consistent with this opinion.

Facts and Procedural History

Huntsville Cab owns and maintains a fleet of taxicabs it leases to drivers for 12-hour or 24-hour shifts at a rate of $100 per 12-hour shift and $200 per 24-hour shift. In April 2008, a taxicab owned by Huntsville Cab was damaged in a collision with an automobile driven by Roy Burchel. Be *511 cause the cost to repair the taxicab exceeded its fair market value, Huntsville Cab decided to replace the vehicle. Roy Bur-chel reimbursed Huntsville Cab for the costs of replacing the vehicle and of outfitting the new vehicle for use as a taxicab.
In April 2009, Huntsville Cab sued Roy Burchel in the district court, seeking damages for the loss of use of the taxicab during the time required to purchase and prepare a replacement vehicle. Roy Bur-chel died while the action was pending, and the estate was substituted as the defendant. The district court entered a judgment in favor of the estate. Huntsville Cab appealed that judgment to the circuit court for a trial de novo.
The estate moved the circuit court for a summary judgment, arguing that Alabama law prohibits recovery of loss-of-use damages with regard to a vehicle that is a total loss. The circuit judge, Glenn Thompson, denied the motion, stating, in pertinent part:
“The purpose of compensatory damages is to make the injured party whole. Although [Huntsville Cab] did receive compensation for the total loss of its taxicab, it did not receive compensation for the expenses or losses arising from its inability to fully carry out its business during the period of time it took to procure a replacement taxicab. Thus, applying the law as written in Fuller[ v. Martin, 41 Ala.App. 160, 125 So.2d 4 (1960),] not only makes it impossible for [Huntsville Cab] to be made whole, but also ignores the very purpose underlying the law of damages.”
After a bench trial, Judge Steven Haddock, to whom the case had been transferred, found that, pursuant to Fuller v. Martin, 41 Ala.App. 160, 125 So.2d 4 (1960), and Lary v. Valiant Insurance Co., 864 So.2d 1105 (Ala.Civ.App.2002), “a party cannot recover damages for both the total loss of a vehicle and the loss of use of that same vehicle.” For that reason, the circuit court entered a judgment in favor of the estate.
The Court of Civil Appeals unanimously affirmed the circuit court’s judgment. S & M, LLC v. Burchel, 120 So.3d 505 (Ala.Civ.App.2012). In doing so, it applied the rule established in Hunt and followed in subsequent cases — that the owner of a vehicle that is a total loss is entitled only to “[the fair market] value [of the car] at the time of the accident (less its junk value, if any).” Hunt, 262 Ala. at 385, 79 So.2d at 26. Under Hunt, loss-of-use damages are available where “the owner sees fit to repair [the vehicle] and while doing so he is deprived of its use and incurs other expense in that connection.” Id.
The Court of Civil Appeals concluded:
“[ T]he supreme court established the existing rule in Hunt v. Ward, and this court is bound by supreme court precedent. ... Therefore, we must apply the existing rule in the present case. Because Huntsville Cab’s taxicab was a total loss and Huntsville Cab had been compensated for the total loss of the taxicab, the circuit court properly determined that Huntsville Cab was not entitled to recover damages for loss of use of the taxicab. Accordingly, we affirm the judgment of the circuit court.”
S & M, LLC, 120 So.3d at 509.
Presiding Judge Thompson concurred specially with the Court of Civil Appeals’ opinion, stating:
“Because this court is bound by our supreme court’s decision in Hunt v. Ward ..., I concur fully in the main opinion. I write specially to indicate my disagreement with the holding in Hunt that loss-of-use damages are limited to damaged but repairable commercial ve- *512 hieles and not available in the ease of a damaged commercial vehicle that cannot be repaired. I agree, instead, with the Supreme Court of Oklahoma, which, as to this issue, has written:
“ ‘ “[T]his Court fails to see any logical or practical reason for a distinction between repairable and unrepairable damage to a commercial vehicle which would justify loss of use for the former and not for the latter even though the owner suffers loss because he cannot immediately replace the vehicle. In both instances the owner has lost the same thing, the use of his vehicle, and he should be able to recover this loss of use in either case.” ’
“DTS Tank Serv., Inc. v. Vanderveen, 683 P.2d 1345, 1347 (Okla.1984) (quoting Dennis v. Ford Motor Co., 471 F.2d 733, 736 (3d Cir.1973)). See also Long v. McAllister, 319 N.W.2d 256, 259-61 (Iowa 1982). I urge our supreme court to reconsider its holding in Hunt and to adopt what, in my opinion, is the more rational approach to fully compensating an injured party for the total loss of its commercial vehicle by allowing that injured party to recover damages for the loss of use of that vehicle during the time it seeks a replacement vehicle.”
S & M, LLC, 120 So.3d at 509 (Thompson, P.J., concurring specially).
Huntsville Cab petitioned this Court for certiorari review, arguing, pursuant to Rule 39(a)(1)(E), Ala. R.App. P., that this Court’s decision in Hunt should be overruled and a “more rational approach” adopted for compensating an injured party for the total loss of its commercial vehicle, as urged by Presiding Judge Thompson. We granted certiorari review.

Analysis

As the Court of Civil Appeals noted in its decision below:
“In Hunt v. Ward ..., the supreme court addressed the measure of damages for an automobile damaged in a collision. In pertinent part, the supreme court stated:
“ ‘The primary rule is generally stated to be that the damage is embraced in the formula that it is the difference in the value of the [automobile] before and after the accident, caused by the accident. If it is so damaged as not to be repairable and has no value after the accident, it would be simply its value at the time of the accident (less its junk value, if any). On this amount interest should be allowed. If it is repairable and the owner sees fit to repair it and while doing so he is deprived of its use and incurs other expense in that connection, he may have the reasonable cost of the parts and labor in making the repairs together with the reasonable cost of transporting it and other incidental cost, if any, and the reasonable value of its use or hire during that time, on the theory that he could have hired one for use during that period: also interest on the total as indicated above.’
“262 Ala. at 384-85, 79 So.2d at 25-26 (emphasis added).
“Citing Hunt v. Ward, among other authorities, the court of appeals stated in Fuller v. Martin, 41 Ala.App. 160, 164, 125 So.2d 4, 7 (Ala.Ct.App.1960):
“ ‘The general rule is that if the automobile is injured so that it cannot be repaired the measure of damages is its value immediately before the accident, less its wreckage value, if any. Recovery cannot be had for both total loss of an automobile and loss of use of the same vehicle.’
“(Emphasis added.) Likewise, in Lary v. Valiant Insurance Co., 864 So.2d *513 1105, 1110 (Ala.Civ.App.2002), this court stated: ‘Our supreme court has previously held that “[recovery cannot be had for both total loss of an automobile and loss of use of the same vehicle.” ’ ”
S & M, LLC, 120 So.3d at 506-07.
Huntsville Cab argues that as a result of the accident with Roy Burchel, it suffered, among other things, the loss of use of the damaged taxicab during the time it took to procure a replacement vehicle. It goes on to argue that, under the current rule expressed in Hunt, Fuller, and Lary, it cannot recover for the loss of its use of the taxicab and that, therefore, it has been prevented from receiving full compensation for its losses, which result, it says, is contrary to the purpose of compensatory damages, i.e., “to make the plaintiff whole by reimbursing him or her for the loss or harm suffered.” Ex parte Goldsen, 783 So.2d at 56. Huntsville Cab also argues that the Hunt rule is inequitable, because it allows an element of damages for a damaged commercial vehicle that is repairable that it does not allow for a damaged commercial vehicle that is a total loss.
As did Presiding Judge Thompson, Huntsville Cab cites the following cases as examples of jurisdictions that have allowed recovery for loss of use during a reasonable time in which the owner seeks a replacement for the destroyed vehicle: DTS Tank Serv., Inc. v. Vanderveen, 683 P.2d 1345 (Okla.1984), and Long v. McAllister, 319 N.W.2d 256 (Iowa 1982). The courts in those cases also faced the question whether to uphold an existing rule prohibiting loss-of-use damages when a vehicle is not repairable. We find their analysis of this issue persuasive.
In DTS Tank Service, the Oklahoma Supreme Court set aside a rule prohibiting the recovery of loss-of-use damages when a damaged vehicle could not be repaired in favor of what the court described as a more “modern approach” to loss-of-use damages. The Oklahoma Supreme Court stated:
“Several states have adopted the so-called ‘modern view’ which makes no distinction in the recovery of lost profits-lost use between repairable and irreparable situations.
“California’s Supreme Court adopted the modern view in Reynolds v. Bank of America National Trust & Savings Assoc., 53 Cal.2d 49, 345 P.2d 926 (1959):
“ ‘There appears to be no logical or practical reason why a distinction should be drawn between cases in which the property is totally destroyed and those in which it has been injured but is repairable, and we have concluded that when the owner of a negligently destroyed commercial vehicle has suffered injury by being deprived of the use of the vehicle during the period required for replacement, he is entitled, upon proper pleading and proof, to recover the loss of use in order to “compensate for all the detriment proximately caused” by the wrongful destruction.’
[[Image here]]
“Agreement is found in the Restatement of Torts, [Second] § 927, referring to damages for destruction of ‘any thing.’ Damages would include the ‘value of the subject matter[’] and ‘compensation for the loss of use not otherwise compensated.’ ”
DTS Tank Service, 683 P.2d at 1346-47.
The Oklahoma Supreme Court went on to conclude:
“We hold that the loss of use should be included in damages recoverable when a commercial vehicle is destroyed, subject to a condition of ‘reasonableness,’ as that term is commonly understood. ... When a commercial vehicle *514 has been negligently destroyed and is irreparable its owner may recover all damages therefor upon proper pleading and proof of the same including but not limited to loss of use during replacement.”
Id., at 1347.
In Long, the Iowa Supreme Court conducted a similar analysis and reached a similar conclusion. The court stated:
“In denying damages for loss of use of the destroyed automobile, the trial court followed existing precedent. See, e.g., Aetna Casualty and Surety Co. v. Insurance Department of Iowa, 299 N.W.2d 484, 485 (Iowa 1980):
“(1) When the automobile is totally destroyed, the measure of damages is its reasonable market value immediately before its destruction.
“(2) Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was in before the injury, then the measure of damages is the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.
“(3) When the car cannot, by repair, be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident.
“These rules were first distilled in Langham v. Chicago, R.I. & P. Ry., 201 Iowa 897, 901, 208 N.W. 356, 358 (192[6]). The court expressly held that loss of use damages are not allowed under the first and third rules in Kohl v. Arp, 236 Iowa 31, 33-34, 17 N.W.2d 824, 826 (1945).
“The rule denying loss of use damages in these situations has not been specifically discussed in the cases. Because the rule has been challenged in the present case, we must determine its continued viability. We do so against the background ‘that the principle underlying allowance of damages is that of compensation, the ultimate purpose being to place the injured party in as favorable a position as though no wrong had been committed.’ Dealers Hobby, Inc. v. Mar[ie] Ann Linn Realty Co., 255 N.W.2d 131, 134 (Iowa 1977).
“Inherent in our present rules governing damages to motor vehicles is the concept that the market value of the vehicle is the ceiling on recovery whether the vehicle can be repaired or must be replaced. In some cases the owner will be fully compensated despite that limitation. Even when the vehicle is destroyed and delay occurs before compensation is received, interest on the market value of the vehicle from the date of the accident theoretically pays the owner for the delay. The same is true when the vehicle is not destroyed but cannot be restored to its prior condition and the owner receives interest on its depreciated value. Moreover, when the vehicle can be restored by repair to its prior condition, the owner is not only entitled to compensation for the reasonable cost of repair but for reasonable loss of use damages. Although market value is nevertheless a ceiling on recovery even in this situation, full compensation is possible when the cumulated damages do not exceed the limitation.
“In other cases, however, the present rules plainly do not permit full compensation. Loss of use damages will be incurred as readily when a vehicle is totally destroyed or when it cannot be restored by repair to its prior condition as when the vehicle can be restored by repair. Just as loss of use damages are *515 necessary for full compensation when the vehicle can be restored to its prior condition, they are warranted when the vehicle is destroyed or cannot be so restored. No logical basis exists for cutting them off when the total reaches the vehicle’s market value before the injury.”
Long, 319 N.W.2d at 258-59 (emphasis added).
The Iowa Supreme Court went on to note that “[l]oss of use damages are now permitted under various rules even in destruction eases in a growing number of other jurisdictions.” Long, 319 N.W.2d at 261. The court concluded: “We believe our motor vehicle damage rules should be modified to permit full compensation including loss of use damages,” and described the modified rule regarding vehicles that are replaced rather than repaired as follows:
“When the motor vehicle is totally destroyed or the reasonable cost of repair exceeds the difference in reasonable market value before and after the injury, the measure of damages is the lost market value plus the reasonable value of the use of the vehicle for the time reasonably required to obtain a replacement.”
319 N.W.2d at 261.
Here, Huntsville Cab argues that, as a result of the accident, it lost the use of one of its taxicabs and, therefore, the leasing income from that vehicle during the time it took to purchase and outfit a replacement taxicab. Although the number of days it took to procure a replacement is in dispute, it is undisputed that a suitable replacement for the destroyed taxicab was not immediately available. Therefore, Huntsville Cab has alleged an injury that would not be fully compensated under the existing measure-of-damages rule from Hunt.[1]
Moreover, under Hunt and its progeny, loss-of-use damages would have been recoverable if Huntsville Cab’s vehicle had been repairable rather than a total loss. Like the courts in Reynolds v. Bank of America National Trust & Savings Ass’n, 53 Cal.2d 49, 345 P.2d 926 (1959), DTS Tank Service, and Long, we see “ ‘no logical or practical reason why a distinction should be drawn between cases in which *516 the property is totally destroyed and those in which it has been injured but is repairable.’” DTS Tank Service, 683 P.2d at 1346 (quoting Reynolds, 345 P.2d at 927). As the Iowa Supreme Court stated in Long:
“Loss of use damages will be incurred as readily when a vehicle is totally destroyed or when it cannot be restored by repair to its prior condition as when the vehicle can be restored by repair. Just as loss of use damages are necessary for full compensation when the vehicle can be restored to its prior condition, they are warranted when the vehicle is destroyed or cannot be so restored.”
319 N.W.2d at 259.
The estate argues that “[tjhere is no compelling reason ... to depart from longstanding precedent,” the estate’s brief, at 11, and that “Alabama is not alone in adhering to the rule barring recovery for loss of use for a destroyed vehicle.” Id., at 19. However, as in Long, where the rationale for “[t]he rule denying loss of use damages in these situations [was] not ... specifically discussed in the [prior] cases,” 319 N.W.2d at 259, the cases cited by the estate from other jurisdictions in which courts applied a rule barring recovery of loss-of-use damages when a vehicle was a total loss were cited without significant analysis or discussion. See Boral Bricks, Inc. v. Old South Transp. Mgmt., Inc., 198 Ga.App. 678, 402 S.E.2d 777 (1991); Hanna v. Lott, 888 S.W.2d 132, 138 (Tex.App.1994); and Hayes Freight Lines v. Tarver, 148 Ohio St. 82, 73 N.E.2d 192, 193 (1947).
The issue facing the courts in Long and DTS Tank Service was analogous to the issue presented here, and, as noted previously, we find the rationale in those cases persuasive. As was the case in Long, Reynolds, and DTS Tank Service, the purpose of compensatory damages in Alabama is to “make the [injured party] whole by reimbursing him or her for the loss or harm suffered.” Ex parte Goldsen, 783 So.2d at 56. Our current rule as set forth in Hunt and applied in Fuller and Lary is insufficient to accomplish that purpose when the commercial vehicle at issue is destroyed and a replacement vehicle is not immediately available. Therefore, we modify our existing vehicle-damage rule with regard to a damaged commercial vehicle that is not repairable to allow the recovery of reasonable loss-of-use damages during the time reasonably required to procure a suitable replacement vehicle.

Conclusion

The decisions in Hunt, Fuller, and Lary are overruled to the extent that they conflict with the modified vehicle-damage rule set forth in this opinion. The Court of Civil Appeals’ judgment was entered in reliance on Hunt, and the circuit court’s judgment was entered in reliance on Fuller and Lary. Therefore, we reverse the Court of Civil Appeals’ judgment and remand the case for that court to reverse the circuit court’s judgment in favor of the estate and then to remand the case to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
MALONE, C.J., and STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs in the result.

. The estate argues that "Huntsville Cab presented no evidence at trial indicating that it had sustained actual loss of use damages. There is no evidence to show that Huntsville Cab lost money for lack of a vehicle.” The estate’s brief, at 11. However, the record includes affidavit testimony of Mazen Altu-buh, the owner of Huntsville Cab, that the process of purchasing and outfitting a replacement taxicab
"took approximately 35 days, during which time Huntsville Cab Company was without one of its vehicles in its commercial fleet....
"The cab that was destroyed in the collision made the subject of this lawsuit was leased to its drivers for 12-hour shifts, with two shifts in a 24-hour period.... These drivers and shifts were out of operation for 35 days, during which Huntsville Cab Company received no lease payments representative of this lease. The average lease payment is $100 per 12-hour shift, or $200 per 24-hour period....
[[Image here]]
"... The damages suffered by Huntsville Cab Company are $7,000, 35 days at $200 per day.”
Therefore, contrary to the estate’s arguments, Huntsville Cab did offer some evidence of its alleged loss-of-use damages.
The estate also argues that Huntsville Cab failed to mitigate its damages and that, therefore, it cannot prove that it is entitled to recover the alleged damages. The sufficiency of the evidence in support of Huntsville Cab’s damages claim and Huntsville Cab’s alleged failure to mitigate its damages are questions of fact to be addressed by the circuit court on remand and are outside the scope of our certiorari review.