Rel: October 18, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

### CL-2024-0010

————————————————

### Patricia Myers

### v.

### Alfa Mutual Insurance Company

### Appeal from Geneva Circuit Court
### (CV-23-16)

PER CURIAM.

In this insurance subrogation case, Patricia Myers appeals from a judgment of the Geneva Circuit Court ("the trial court") awarding damages to Alfa Mutual Insurance Company ("Alfa") in the amount of $12,035.69. For the reasons set forth herein, we reverse the judgment.

The facts in this case are not in dispute, and the only issue raised on appeal concerns a question of law. In February 2021, Amy Gray was driving a 2014 Toyota Highlander sport-utility vehicle owned by Jeffrey Gray and insured by Alfa. The vehicle Myers was driving collided with Jeffrey's vehicle. Jeffrey filed a claim with Alfa, which paid him $12,035 for the total loss of the Highlander, an amount that included $532.69 for the rental cost of the vehicle that the Grays had used for a time after the accident ("the rental vehicle").

On February 11, 2022, Alfa commenced a civil action in the Geneva District Court ("the district court") as the subrogee of Jeffrey to recover from Myers the money that it had paid to Jeffrey pursuant to his automobile-insurance policy. After a trial, the district court entered a judgment in favor of Alfa awarding it $12,035.69. Myers appealed to the trial court for a trial de novo.

The issue at the trial was whether, under present Alabama law, Alfa was entitled to recover from Myers the $532.69 that it had paid to the Grays for their use of the rental vehicle during the time it took them to obtain a replacement vehicle. Myers argued that, because the Highlander was a privately owned vehicle and not a commercial vehicle,

2

Alfa could not recover the damages it had paid to Jeffery for the loss of use of the Highlander -- the amount that the Grays had paid for the rental vehicle -- because the Highlander had been deemed a total loss. Alfa argued that in Ex parte S&M, LLC, d/b/a Huntsville Cab Co., 120 So. 3d 509 (Ala. 2012), our supreme court modified the rule that reasonable loss-of-use damages were not recoverable during the time reasonably required to replace a vehicle that could not be repaired, and that that modification of the law applied to privately owned vehicles as well as to commercial vehicles.

On December 5, 2023, the trial court entered a judgment in favor of Alfa, concluding that loss-of-use damages were recoverable whether the insured vehicle was privately owned or a commercial vehicle. Myers appealed to this court.

The only issue Myers raises on appeal is whether the trial court erred in including in its damage award to Alfa the $532.69 that it had paid to Jeffrey as the cost for renting an automobile before the Grays had purchased a new one to replace the Highlander. The proper measure of damages to be applied in a given case is a question of law. See Poffenbarger v. Merit Energy Co., 972 So. 2d 792, 794-95 (Ala. 2007).

3

"[W]hen the material facts are undisputed and the only issue presented involves a pure question of law, the appellate court's review is de novo." Magrinat v. Maddox, 220 So. 3d 1081, 1084 (Ala. Civ. App. 2016).

Until 2012, the measure of damages for property loss when a vehicle was damaged in a collision to the extent that it could not be repaired was limited to the value of that vehicle immediately before the collision, less its wreckage value, if any. See Fuller v. Martin, 41 Ala. App. 160, 164, 125 So. 2d 4, 7 (1960). Under that rule, one could not recover damages for both the total loss of the vehicle and the loss of use of that vehicle. Id.; see also Hunt v. Ward, 262 Ala. 379, 79 So. 2d 20 (1955); Lary v. Valiant Ins., 864 So. 2d 1105, 1110 (Ala Civ. App. 2002). This court applied that general rule in S & M, LLC v. Burchel, 120 So. 3d 505 (Ala. Civ. App. 2012), a case involving a collision between a taxicab and another vehicle. In that case, the company that owned the taxicab brought an action against the driver of the other vehicle seeking damages not only for damage to the taxicab but also for the loss of its use. After the circuit court refused to award it loss-of-use damages, the taxicab company appealed. Affirming the circuit court's judgment, this court reiterated the rule set forth in Fuller, Hunt, and Lary, supra. Id. at 508.

However, Presiding Judge Thompson wrote a special concurrence urging our supreme court to revisit that rule and adopt the reasoning of the Supreme Court of Oklahoma, which had written:

> "'"[T]his Court fails to see any logical or practical reason for a distinction between repairable and unrepairable damage to a commercial vehicle which would justify loss of use for the former and not for the latter even though the owner suffers loss because he cannot immediately replace the vehicle. In both instances the owner has lost the same thing, the use of his vehicle, and he should be able to recover this loss of use in either case."'"

S & M, LLC v. Burchel, 120 So. 3d at 509 (quoting DTS Tank Serv., Inc. v. Vanderveen, 683 P.2d 1345, 1347 (Okla. 1984), quoting in turn Dennis v. Ford Motor Co., 471 F.2d 733, 736 (3d Cir. 1973)).

On certiorari review, our supreme court took up Presiding Judge Thompson's invitation to reexamine the general rule. See Ex parte S & M, supra. The court surveyed a number of jurisdictions that had adopted the so-called "modern approach" to loss-of-use damages recoverable when a commercial vehicle is destroyed, see DTS Tank Serv., Inc. v. Vanderveen, 683 P.2d 1345, 1346-47 (Okla. 1984) and Reynolds v. Bank of America Nat'l Tr. & Sav. Assoc., 53 Cal. 2d 49, 345 P.2d 926 (1959), and when a privately owned vehicle is destroyed, see Long v. McAllister, 319 N.W.2d 256 (Iowa 1982), all of which permitted the recovery of the

lost market value of the destroyed vehicle as well as the reasonable cost for the loss of use of that vehicle for the time required to locate and procure its replacement. The court quoted favorably from Long, 319 N.W. 2d at 258, which had observed that

> "'[l]oss of use damages will be incurred as readily when a vehicle is totally destroyed or when it cannot be restored by repair to its prior condition as when the vehicle can be restored by repair. Just as loss of use damages are necessary for full compensation when the vehicle can be restored to its prior condition, they are warranted when the vehicle is destroyed or cannot be so restored.'"

Ex parte S & M, 120 So. 3d at 516. It then modified "our existing vehicle-damage rule with regard to a damaged commercial vehicle that is not repairable to allow the recovery of reasonable loss-of-use damages during the time reasonably required to procure a suitable replacement vehicle." Id. (emphasis added). The court did not, however, modify the existing vehicle-damage rule with respect to privately owned vehicles.

This court is bound by the precedents of our supreme court. See § 12-3-16, Ala. Code 1975; Thomas v. Williams, 21 So. 3d 1234, 1236 n.1 (Ala. Civ. App. 2008). Our decisions must conform to those of our supreme court so as to preserve uniformity of legal decisions. Williams v. Louisville & N.R. Co., 176 Ala. 631, 638, 58 So. 315, 318 (Ala. 1912). Prior

6

to our supreme court's holding in <u>Ex parte S & M</u>, damages for the loss of use of an irreparable automobile were not recoverable. In <u>Ex parte S & M</u>, the supreme court changed that rule, but only for the loss of use of a commercial automobile. We thus remain bound by the preexisting rule prohibiting loss-of-use damages when the irreparable vehicle at issue is privately owned. It is up to the supreme court to expand its holding in <u>Ex parte S & M</u> to cover situations involving those kinds of automobiles, if it so chooses.

Because this case involves an irreparably damaged, privately owned vehicle, damages for the loss of its use were not recoverable. The trial court's judgment is reversed to the extent that its award of damages included the amount for the Grays' automobile rental, and the cause is remanded for entry of a judgment consistent with this opinion.

REVERSED AND REMANDED.

Fridy, J., concurs specially, with opinion, which Moore, P.J., and Hanson and Lewis, JJ., join.

Edwards, J., recuses herself.

FRIDY, Judge, concurring specially.

Because our supreme court has limited the recovery of loss-of-use damages to cases in which a commercial vehicle, as opposed to a privately owned vehicle, has been destroyed, I concur with the main opinion. I write specially to encourage the supreme court to consider expanding recovery for loss-of-use damages to cases involving the destruction of privately owned vehicles because I see no reason to draw a distinction between commercial and privately owned vehicles.

In 2016, the Texas Supreme Court traced the evolution of loss-of-use damages from its initial availability only in cases of partial destruction to the modern trend among numerous jurisdictions of permitting the recovery of such damages in cases of total destruction of personal property. J & D Towing, LLC v. American Alternative Ins. 478 S.W.3d 649 (2016). Although that case involved a tow truck (a commercial vehicle), the Texas Supreme Court did not draw a distinction between privately owned vehicles and commercial vehicles. Instead, it focused on eliminating the distinction between partially damaged vehicles and totally damaged vehicles. It concluded that, because the purpose of loss-of-use damages is to make whole a plaintiff who has suffered an economic

injury that flows naturally from the loss of personal property, the "inquiry turns not on the nature of the destruction, but on the nature of deprivation," id. at 676, and "it is by compensating a plaintiff for loss-of-use damages incurred during the period of deprivation -- a period reasonably necessary to obtain replacement property -- that the principle of full and fair compensation is satisfied." Id. at 677.

Based on the rationale expressed in J & D Towing, I encourage our supreme court to expand its holding in Ex parte S & M, LLC, 120 So. 3d 509, 516 (Ala. 2012), to permit the recovery of loss-of-use damages in cases involving privately owned vehicles.

Moore, P.J., and Hanson and Lewis, JJ., concur.