Rel: April 25, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2024-0736

_____

## Ex parte Alfa Mutual Insurance Company

## PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS

## (In re: Patricia Myers

## v.

## Alfa Mutual Insurance Company)

## (Geneva Circuit Court: CV-23-16; Court of Civil Appeals: CL-2024-0010)

MITCHELL, Justice.

Alfa Mutual Insurance Company ("Alfa") asks us to make loss-of-use damages available when seeking to recover for a destroyed personal vehicle. We agree that such damages should be available because they are often necessary to make the owner or insurer of that vehicle whole. Accordingly, we reverse the judgment of the Court of Civil Appeals. See Myers v. Alfa Mut. Ins. Co., [Ms. CL-2024-0010, Oct. 18, 2024] __ So. 3d __ (Ala. Civ. App. 2024).

Facts and Procedural History

In February 2021, Patricia Myers ran her car into a Toyota Highlander driven by Amy Gray and owned by Jeffrey Gray. Jeffrey, who was insured by Alfa, filed a claim for his totaled vehicle. Alfa paid Jeffrey $12,035 for the complete loss of the Highlander, which included $532.69 for the rental vehicle that the Grays had used for a short while after the accident.

Alfa then sued Myers to recover the payment it had made to Jeffrey under his insurance policy. After a trial, the Geneva District Court entered a judgment in favor of Alfa, awarding it the full $12,035. Myers appealed to the Geneva Circuit Court for a trial de novo, during which she argued that Alabama law prohibited Alfa from recovering the cost of

the rental car. Like the district court, the circuit court ruled in favor of Alfa, concluding that loss-of-use damages were appropriate.

Myers appealed the circuit court's decision to the Court of Civil Appeals. That court concluded that Hunt v. Ward, 262 Ala. 379, 79 So. 2d 20 (1955), Fuller v. Martin, 41 Ala. App. 160, 164, 125 So. 2d 4, 7 (1960), and Ex parte S&M, LLC, 120 So. 3d 509 (Ala. 2012), prohibited the award of loss-of-use damages for a destroyed personal vehicle, and it reversed the circuit court. But, in a special concurrence, all the sitting members of the Court of Civil Appeals encouraged us to modify our precedent governing loss-of-use damages. Alfa then petitioned this Court for certiorari review, arguing that we should make loss-of-use damages available for destroyed personal vehicles.

## Standard of Review

The facts are undisputed, and the only question here is a legal one. In such cases, we review the intermediate appellate court's legal conclusions de novo. Ex parte Webb, 53 So. 3d 121, 127 (Ala. 2009).

## Analysis

Loss-of-use damages "are a type of compensatory damage." MCI Commc'ns Servs., Inc. v. CMES, Inc., 291 Ga. 461, 462, 728 S.E.2d 649,

3

651 (2012); see also S&M, 120 So. 3d at 516. Compensatory damages have traditionally been understood to place an injured party "in a position substantially equivalent … to that which he would have occupied had no tort been committed." Restatement (Second) of Torts § 903, cmt.a (Am. L. Inst. 1979). Put simply, compensatory damages are meant to make the injured party whole. Ex parte Goldsen, 783 So. 2d 53, 56 (Ala. 2000).

In 1955, however, this Court limited loss-of-use damages in vehicle cases to only those cases when the vehicle is repairable. Hunt, 262 Ala. 379 at 384-85, 79 So. 2d at 25-26. Consequently, after Hunt, lower courts were unable to award loss-of-use damages when a vehicle was destroyed or irreparable. Id. As the former Court of Appeals once put it, because of Hunt, recovery could not "be had for both total loss of an automobile and loss of use of the same vehicle." Fuller, 41 Ala. App. at 164, 125 So. 2d at 164.

But the Hunt rule is in tension with the purpose of compensatory damages. See S&M, 120 So. 3d at 516. Often, as here, the owner of a destroyed personal vehicle must spend money for a short-term rental replacement. Relatedly, the destruction of a commercial vehicle may

4

deprive the owner of revenue during the search for a replacement. In either of these instances, the owner is not whole if he recovers only the cost of the wrecked vehicle; he is still missing the money spent to mitigate his temporary lack of a mode of transport.

Our Court has recognized that the <u>Hunt</u> rule left the owners of destroyed commercial vehicles less than whole. <u>S&M</u>, 120 So. 3d at 516. The Court noted that the <u>Hunt</u> rule "is insufficient to accomplish [the goal of compensatory damages] when the commercial vehicle at issue is destroyed and a replacement vehicle is not immediately available." <u>Id.</u> As a result, it "modif[ied]" the <u>Hunt</u> rule "with regard to a damaged commercial vehicle that is not repairable" and "allow[ed] the recovery of reasonable loss-of-use damages during the time reasonably required to procure a suitable replacement vehicle." <u>Id.</u>[1]

But while the Court overruled <u>Hunt</u> to the extent that it prohibited loss-of-use damages for commercial vehicles, we have not previously extended <u>S&M</u>'s rule to destroyed personal vehicles. <u>Id.</u> This continues

---

[1]The <u>S&M</u> Court did not discuss the difference between personal and commercial vehicles. It simply limited its holding to commercial vehicles because the facts of <u>S&M</u> concerned a taxicab rather than a personal car.

to leave courts without a way to make the owners or insurers of such vehicles whole. Consequently, the tension remains between the <u>Hunt</u> rule and the traditional principles motivating compensatory damages. And this tension continues to hurt the owners or insurers of personal vehicles.

We now resolve this tension by extending <u>S&M</u>'s holding and overruling <u>Hunt</u> to the extent that it prohibits the recovery of reasonable loss-of-use damages by the owners or insurers of personal vehicles. Thus, when a personal vehicle has been destroyed, "reasonable loss-of-use damages during the time reasonably required to procure a suitable replacement vehicle" are recoverable. <u>S&M</u>, 120 So. 3d at 516. These reasonable loss-of-use damages are often necessary -- as is the case here -- to make either the owner or insurer of the personal vehicle whole.

We reverse the Court of Civil Appeals' judgment and remand the case for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Stewart, C.J., and Shaw, Wise, Bryan, Sellers, Mendheim, and McCool, JJ., concur.

Cook, J., recuses himself.

6